# FEBRUARY, 1920.

### WATERMAN LUMBER COMPANY V. DAVE BEATTY.

#### No. 3254.  Decided February 4, 1920.

#### (218 S. W., 363.)

**1.—Negligence—Violation of Statute—Causal Connection.**

Though the violation of a statute would be negligence *per se*, the action would fail without a showing of proper causal connection between the negligence and the injury.  (Pp. 227, 228).

**2.—Same—Objection to Charge.**

An objection to a charge on the trial, that the evidence was insufficient to support a finding for plaintiff on the ground stated in the charge was insufficient under article 1971, Rev. Stats., to present the objection that it did not require a finding that the negligence proven was a proximate cause of the injury.  (P. 228).

**3.—Child Labor—Dangerous Machinery—Logging Train.**

A lumber manufacturing company operated a tramroad for hauling logs, with engine and cars, including a loading engine, and employed a boy to perform various services connected with the loading of logs, and laying of tram-ways.  He, while riding on the logging train, was directed to take a position on the footboard of the engine and sand the track on a steep grade. In so doing he fell from the foot-board and was run over and injured. Held, that the various appliances connected with such logging operations constituted dangerous machinery, the employment about which of a child was a violation of the statute regulating child labor (Act of March 13, 1911, Laws, 32 Leg., p. 75) and a cause of his injury for which the company was liable. (Pp. 228-230).

Error to the Court of Civil Appeals for the Sixth District in an appeal from Harrison County.

Beatty sued the Lumber Company and recovered judgment which was affirmed (204 S. W., 448) on appeal by defendant, who thereupon obtained writ of error.

*F. H. Prendergast* and *R. A. Hall,* for plaintiff in error.—The court erred in the 3rd section of his charge.  This was error because the evidence was not sufficient to sustain a finding that the plaintiff received his injuries on account of being employed by the defendant to labor about the Manufacturing establishment of the defendant using dangerous machinery.  Because the evidence showed he was not employed to labor about any establishment but only to work in the woods skidding logs and laying track.  The employment of a boy under fifteen years old to aid in skidding logs to the side of the railroad track in the woods is not against the Law of Texas. The boy's employment being not illegal under the Law, the engineer, Phillips, could not make his employment illegal so that he

would be removed from the benefit of the Compensation Law by ordering the boy to perform dangerous work on the engine. Acts of Legislature, 1911, p. 75; Purtell v. Philadelphia R. & Coal Co., 99 N. E., 899; State v. Deck, 83 S. W., 314; Murphy v. Bennett, 42 N. Y. Supp., 61; Wind River L. Co. v. Frankfort, 196 Fed., 344; Scott v. Harvey, 51 Am. Rep., 201; Sterling v. Bettis, 159 S. W., 916; Berdos v. Tremont Mills, 95 N. E., 876.

The verdict of the jury is contrary to the evidence in this: That the evidence showed that the plaintiff was employed to work in the woods and ride a mule to pull the cable from the car out in the woods to hitch to logs to be drawn to the side of the railroad track by the skidder engine, and on the day he was injured he was traveling with the steel gang on a hand car to go to assist in laying track; that he left the hand car and boarded the engine, from which he fell, voluntarily when he had no duties to perform on the engine.

*T. W. Davidson*, for defendant in error.—A minor under fifteen years of age, who works about dangerous machinery, is employed in violation of law. A thirteen-year-old boy, hired to operate a cable with a mule at one end and a steam engine at the other, is working about an establishment using dangerous machinery. A log-loading machine, a track-laying outfit, or a locomotive engine propelled by steam, is a dangerous machine. A conveyor of any kind, operated by steam power and used to carry logs from the forest to a mill to be made into lumber, is a necessary part of the manufacturing establishment. Penal Code of Texas, art. 1050; Acts of 1917, pp. 279, 280, (Workman's Compensation Act); Aetna Life Ins. Co. v. Tyler Mfg. Co., 149 S. W., 283, 141 Pac., 913; Hilestad v. Industrial Ins. Com. 120 C. C. A., 243; Casey v. Barber Asphalt Co., L. R. A., 1917-D, 90; Solon & Billings v. Pasche, 153 S. W., 672; Corpus Juris., pp. 336 to 338.

The great majority of decisions lay down the rule that the employment of a child in violation of the statute gives rise to a cause of action in behalf of the child if injured while in the employment. Such employment is unlawful and constitutes negligence *per se*. Steel Car Forge Co. v. Chec, 107 C. C. A., 192, 184 Fed., 868; Scally v. Garrett & Co., 11 Cal. App., 138, 104 Pac., 325; Platt v. Southern Photo Material Co., 4 Ga. App., 159, 60 S. E., 1068; Inland Steel Co. v. Yedinak, 172 Ind., 423, 139 Am. St. Rep., 389; Thomas Madden, Son & Co. v. Wilcox, 174 Ind., 657, 91 N. E., 933; Bromberg v. Evans Laundry Co. 134 Iowa, 38, 111 N. W., 417, 13 Ann. Cas., 33; Riegel v. Loose-Wiles Biscuit Co., 169 Mo. App., 513, 155 S. W., 59; Leathers v. Blackwell Durham Tob. Co., 144 N. C., 330, 9 L. R. A. (N. S.), 349, 57 S. E., 11; Starnes v. Albion Mfg. Co., 147 N. C., 556, 17 L. R. A. (N. S.), 602, 61 S. E., 525, 15 Ann. Cas., 470; Findley v. Acme Kitchen Furniture Co., 119 Tenn., 698, 109 S. W., 504; Stirling v. Bettis

Mfg. Co., 159 S. W., 915; Sharan v. Winnebago Furniture Mfg. Co., 141 Wis., 185, 124 N. W., 299.

The employment of a minor under statutory age constitutes a prima facie case of negligence. Fitzgerald v. International Flax Twine Co., 104 Minn., 138, 116 N. W., 475; Jacobson v. Merrill & R. Mill Co., 107 Minn., 74, 22 L. R. A. (N. S.), 309, 119 N. W., 510; Kircher v. Iron Clad Mfg. Co., 134 App. Div., 144, 118 N. Y. Supp., 823; Solomon v. Royal Art Glass Co., 83 Misc., 53, 144 N. Y. Supp., 590; Fahey v. Jephcott, 2 Ont. L. Rep., 402, 9 Ont. Week. Rep., 500.

A great number of cases hold that proof of unlawful employment is sufficient itself to sustain a cause of action. Purtell v. Philadelphia & R. C. Coal & I. Co., 256 Ill., 110, 43 L. R. A. (N. S.), 193, 99 N. E., 899, Ann. Cas. 1913-E, 335, affirming 167 Ill. App., 125; Casteel v. Pittsburg Vit. Pav. & Bldg. Brick Co., 83 Kan., 533, 112 Pac., 145. Smith v. National Coal & I. Co., 135 Ky., 671, 117 S. W., 280; Casperson v. Michaels, 142 Ky. 314, 134 S. W., 200; Darsam v. Kohlman, 123 La., 164, 20 L. R. A. (N. S.), 881, 48 So., 781; People v. Taylor, 192 N. Y., 398, 85 N. E., 795; Curtis & G. Co. v. Pigg, 134 Pac., 1125; Norman v. Virginia-Pocahontas Coal Co., 68 W. Va., 405, 31 L. R. A. (N. S.), 504, 69 S. E., 857; Burke v. Big Sandy Coal & Coke Co., 68 W. Va., 490, 69 S. E., 993; Dickinson v. Stuart Colliery Co., 71 W. Va., 325, 42 L. R. A. (N. S.), 335, 76 S. E., 654; Blankenship v. Ethel Coal Co., 69 W. Va., 74, 70 S. E., 863.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The Court of Civil Appeals affirmed a judgment in favor of defendant in error against plaintiff in error, for damages for personal injuries.

Plaintiff in error attacks the decision of the Court of Civil Appeals, to the effect that there was no error in that portion of the trial court's charge, wherein the jury were authorized to return a verdict for defendant in error if they believed that at the time of his injury, on or about the 9th day of May, 1917, defendant in error was a minor under the age of 15 years, and if they further believed that his injuries were received on account of being employed by plaintiff in error to labor about the manufacturing establishment of plaintiff in error, using dangerous machinery.

The writ of error was granted because we were inclined to believe that the charge was erroneous in not requiring a finding that the employment of defendant in error was the proximate cause of his injury.

There is no doubt that it is essential to the maintenance of an action for damages for a personal injury, founded on the violation of a statute, to establish not only a violation of the statute but

that the violation was the proximate cause of the injury. Though the violation of the statute would be negligence *per se,* the action would fail without a showing of proper causal connection beween the negligence and the injury. Shearman & Redfield, Law of Negligence (Street's Ed.), section 27; Texas & P. Ry. Co. v. Bigham, 90 Texas, 225, 38 S. W., 162; Spokane & Inland R. R. v. Campbell, 241 U. S., 510, 60 L. Ed., 1125; Stirling v. Bettis Mfg. Co., 159 S. W., 916; Elk Cotton Mills v. Grant, 140 Ga., 727, 48 L. R. A. (N. S.), 656, 79 S. E., 836. It follows that there was the same necessity for a proper application of the thoroughly settled law of proximate cause in this case as in the ordinary negligence case involving no violation of a statute.

However, plaintiff in error is not in a position to ask a reversal because of any defect in the charge, in not requiring the jury to find that defendant in error's injury was the proximate result of the alleged negligence. For, the trial was governed by article 1971 of Vernon's Sayles' Texas Civil Statutes, under which all objections not presented to the charge must be considered as waived. The single objection to the charge under consideration was that the evidence was insufficient to support a finding for defendant in error on the ground stated in the charge. Clearly this objection did nòt call the court's attention to any necessity for further findings under the law of proximate cause than those required by the charge.

Plaintiff in error assigns error on the refusal to peremptorily direct a verdict in its favor and on the refusal to grant it a new trial, upon the ground that the uncontradicted evidence showed that the injuries of defendant in error were not received on account of his being employed by plaintiff in error to labor in or about a manufacturing establishment using dangerous machinery. Our decision of these assignments is largely controlled by our interpretation of section 1, of the Act of March 13, 1911, regulating child labor. General Laws of 32nd Legislature, p. 75.

The applicable portion of the section declared it a misdemeanor to employ a child under the age of fifteen years "to labor in or about any manufacturing or other establishment using dangerous machinery."

The Waterman Lumber Company, plaintiff in error, is a corporation engaged in the manufacture of lumber, owning a mill at Blocker, on the Marshall & East Texas Railroad. The Company owns a tram railroad, which intersects the Marshall & East Texas Railroad about a mile East of Blocker, and extends in a Southernly direction to another mill owned by the Company, which is known as the Horton Mill; and, the tram railroad then extends from the Horton Mill into the woods for a distance of some twelve miles. The Company owns another tram railroad, which connects with the Marshall & East Texas Railroad a short distance West of

Blocker and extends thence into the woods in a Southernly direction. The tram railroads were used by the Lumber Company to haul logs from the woods and to haul lumber from the Horton Mill to Blocker.

The injured minor, Dave Beatty, was primarily employed, as found by the Court of Civil Appeals, to perform the following service: "The Lumber Company owned some logging cars, and on one of these cars was a machine operated by steam, and attached to this machine was a drum, on which was wound a long rope. Beatty would take his mule and hitch to the end of this rope and ride the mule out into the woods where a log had been prepared, and another man would then hitch the end of the wire rope onto the log with clamps or tongs. Wayne Phillips, who was Beatty's foreman) then, by operating the machine on the car, would wind the rope onto the drum and drag the log to the side of the track. Then Beatty would hitch his mule to the end of the wire rope with the clamps and pull it out to the next log to be hauled in."

It was required of the minor, under his employment, to aid the men in laying iron rails on the tram railroads running into the woods from the Marshall & East Texas Railroad, and he usually carried water and helped distribute spikes and fish bars where the rails were being put down. There is evidence that Dave Beatty was carried to and from his work by the Lumber Company over its tram railroads, riding at times on the Shay engine, and that it was his duty to do whatever work he was ordered to do by his foreman, which would include putting sand on the track while the Shay engine was moving over same.

On the morning of the injury, Dave Beatty started from Horton, where he resided, to go north from Horton on the tram railroad to the Marshall and East Texas Railroad, and thence to the point West of Blocker where that Railroad intersects the tram railroad, and then go South for the purpose of aiding in laying rails on the South end of the tram railroad. He started on a hand car, but after proceeding part of the way he left the hand car and mounted the Shay engine. His foreman was operating the engine, and when the engine arrived at a steep down grade, where the tram railroad intersected the Marshall and East Texas Railroad, the minor was directed by his foreman to put sand on the track, and he was in the act of sanding the track, from the foot board at the front of the engine, when, in some way, he fell on the track and had his leg severely mashed and injured.

It is undeniable that the Waterman Lumber Company was operating a manufacturing establishment, using dangerous machinery. Were the tram railroads, the log-loading appliance, and the Shay engine a part of the Company's manufacturing establishment? They were used permanently and directly in the process

of manufacturing logs into lumber, the latter being the product of the Company's regular business, as well as in the process of delivering lumber to the station of a common carrier, and we see no good reason for differing with the Court of Civil Appeals in the conclusion that they were part of the manufacturing establishment.

In holding that gas pipes laid in the streets of a city were part of the "establishment" of a gas company, it was said in Memphis Gas-Light Co. v. State, 6 Coldwell (Tenn.), 310, 98 Am. Dec., 453: "The Memphis Gas-Light Company is a corporation created for the purpose of manufacturing and delivering illuminating gas to the citizens of Memphis. The delivery in a particular mode is as much within the purpose of its creation as the manufacture; and from the nature of the article manufactured, the apparatus for delivery is merely an extension and continuation of the apparatus for manufacture, both belong to the establishment."

We think there was evidence to show that the minor was injured, by reason of being engaged at the time of his injury in work, within the scope of his duty under his employment, which was of the very character which exposed him to hazards, against which the law was intended to shield him in his youthful immaturity.

We find no error entitling plaintiff in error to a reversal of the judgments of the District Court and of the Court of Civil Appeals and the same will therefore be affirmed.

*Affirmed.*