**ÆTNA LIFE INS. CO. v. GILLEY et al. (No. 513.)**

Court of Civil Appeals of Texas. Eastland. Dec. 7, 1928.

Rehearing Denied Jan. 18, 1929.

Joseph W. Hale, of Waco, for appellant.

Owen & Owen and Chastain & Judkins, all of Eastland, for appellees.

HICKMAN, C. J. The Industrial Accident Board entered a final ruling and decision on the claim of A. W. Gilley and wife against apellant, as compensation insurer under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), directing said insurer to pay compensation to the claimants at the rate of $7 per week for the fixed period of 360 weeks, on account of the death of their son, Dallas Gilley, who died from the effects of burns received while employed by Geo. F. Davis. Appellant duly perfected an appeal to the district court of Eastland county, the county where the injuries were received. Upon a trial in that court, judgment was rendered against appellant in favor of Gilley and wife in a lump sum, and judgment was also rendered in favor of Dr. J. W. Howell for the value of medical services rendered by him to the deceased boy. The appeal is from that judgment.

Appellees object to the consideration by this court of the propositions of law relied upon in appellant's brief for reversal. The objections as to some of the propositions are probably good, but we have found it necessary to consider only the first proposition in disposing of this appeal, and the objections as to this proposition are not well taken. By this proposition appellant presents that the trial court should have granted its motion for peremptory instruction, and

this opinion will deal only with that tion of law.

The employer Davis was the subcontractor for the building of a highway from Cisco, in Eastland county, to Moran, in Shackelford county. Dallas Gilley, a child 10 years of age, was employed as errand boy by Davis, and while so employed had the misfortune of igniting his clothing in an unaccounted for manner and died as the result thereof. Appellant insists that the deceased child was not an employee of Davis, within the meaning of the Workmen's Compensation Act, for the reason that his employment was in violation of articles 1574, 1576, and 1577 of the Penal Code. We do not believe that appellant's contention, based upon the alleged violation of article 1577, can be sustained under the facts in this case. We shall not, therefore, consider this article, nor the contention made by appellant with reference to the employment under said article.

Article 1574 of the Penal Code provides that: "Any person * * * who shall hereafter employ any child under the age of seventeen (17) years to labor in any mine, quarry or place where explosives are used, * * * shall be deemed guilty of a misdemeanor, and upon conviction * * * shall be punished by a fine. * * *"

Article 1576 of the Penal Code provides that: "Any person, firm or corporation, their agents or employees, having in their employ or under their control any child under the age of fifteen (15) years who shall require or permit any such child to work or be on duty for more than eight (8) hours in any one calendar day, or for more than forty-eight hours in any one week, * * * shall be deemed guilty of a misdemeanor and shall be punished by a fine," etc.

The question of whether a minor employed in violation of child labor laws is an employee within the meaning of the workmen's compensation laws, has been decided by most of the states of the Union, including our own state. Exhaustive notes citing and discussing the authorities may be found in 14 A. L. R. 818; 35 A. L. R. 337; 49 A. L. R. 1436. The Texas cases discussing and deciding the qustion are: Waterman Lbr. Co. v. Beatty, 110 Tex. 225, 218 S. W. 363; Waterman Lbr. Co. v. Beatty (Tex. Civ. App.) 204 S. W. 448; Galloway v. Lumbermen's Indemnity Exchange (Tex. Com. App.) 238 S. W. 646; Bridgeport Brick & Tile Co. v. Erwin (Tex. Civ. App.) 241 S. W. 247; Maryland Casualty Co. v. Scruggs (Tex. Civ. App.) 277 S. W. 768; Carso v. Norwich Union Indemnity Co, (Tex. Civ. App.) 293 S. W. 306.

These authorities clearly establish the law to be that a minor whose employment is illegal and punishable by the Criminal Statutes cannot be said to be an employee under the Workmen's Compensation Act. The reasons for the rule are sound. Child labor

laws are enacted for the protection of children from hazardous occupations and from overwork during the period of their development. To permit an employer to violate these laws and afford him immunity for so doing in the form of compensation insurance would be to defeat the child labor laws. Public policy forbids this.

Another sound reason for the rule is that the liability of a compensation insurer is contractual. The contract is for the benefit only of lawful employees. Such insurer does not contract to compensate a person who is unlawfully employed, and such unlawful employee has no contractual rights against the insurer. He does have a cause of action at common law in a proper case against his employer, who is guilty of negligence per se.

From an examination of the evidence in this case, we have concluded that the deceased minor was employed in direct violation of each of the two articles of the Penal Code above quoted. The only witnesses to testify in the trial of this case were the appellees A. W. Gilley and Dr. J. W. Howell and the employer Geo. F. Davis. Dr. Howell's testimony related only to his claim for professional services, and did not cover the facts with reference to the nature of the child's employment. These facts were testified to by appellee A. W. Gilley and the employer, Geo. F. Davis. From their testimony it is conclusively shown that the child was employed to work 10 hours per day. The father testified: "The men on that job worked ten hours, from seven to six, and the boy worked the same hours, from seven to six. He had some time off for a lunch period, from twelve to one." Davis, the employer, testified: "Our hours for work on my job is from seven to six, from seven in the morning until six in the afternoon, with one hour off at noon. All of my employees work ten hours a day."

There is no evidence in any wise contradicting this testimony, and our conclusion therefrom is that the employment of this minor was in violation of article 1576 of the Penal Code, forbidding employment of any child under the age of 15 years to work, or be on duty, for more than 8 hours in any one calendar day or for more than 48 hours in any one week, and that, for that reason, the deceased boy was not an employee of Davis within the purview of the Workmen's Compensation Act.

We are further of the opinion that the employment of the minor was in violation of article 1574 of the Penal Code, forbidding the employment of any child under the age of 17 years to labor in any mine, quarry, or place where explosives are used, and for that reason said child was not an employee of Davis.

The facts disclose that the road being constructed was through a hilly country. Some of the hills through which the road was cut were solid stone, and, in order to cut through this stone, large quantities of dynamite and powder were used. The method of using this dynamite and powder was the same as that employed in a quarry. The deceased boy's duties were to carry water to the men at work constructing the road and to do errands for them. When they needed a light tool which he could carry it was his duty to go to the camp headquarters and get same. If a tool or singletree were broken he took same to headquarters for repair and brought another one in its place. No particular man on the job was the boy's boss, but he was subject to the orders of all the men.

The explosives were kept at the camp near the tent of the employer, Davis, and within 100 or 200 yards of the tent of Gilley and family, and the blacksmith shop where the duties of the boy often called him to go. The boy himself had no actual part in setting off a blast of dynamite or powder. On occasion, when it was necessary to blast the employer himself took charge of that work, and the other employees, including the deceased boy, except the one or two selected for that particular work, withdrew to what was considered a safe distance from the explosion. There was no causal connection between the explosives and the boy's injuries. No blasting had been done on the road for several days prior to the date the injuries were received. The evidence, however, raises no issue of fact as to whether dynamite and powder were used in connection with the performance of the work of constructing this highway. The undisputed evidence establishes that they were so used. The undisputed evidence likewise establishes the fact that the boy's work had to do only with the construction of this said highway.

In the case of Maryland Casualty Co. v. Scruggs, supra, it was held by the Amarillo court (error refused) that the phrase of the statute, "or place where explosives are used," must be held to refer to places similar to mines and quarries. It was accordingly and correctly held that the statute did not forbid employment of a minor to work about a gasoline and oil station. Appellees rely upon that case and insist that it is controlling in the instant case. With this contention we cannot agree. The blasting of solid rock from a hill by the use of dynamite and powder creates a place of work very similar to a quarry, and, in our opinion, the phrase of the statute above quoted clearly includes the kind of place in and about which the deceased, Dallas Gilley, was working. The fact that the boy did not himself engage in blasting, but was removed to a safe distance before the blast was set off, is immaterial. Waterman Lbr. Co. v. Beatty, 110 Tex. 225, 218 S. W. 363; Hillestad et ux. v. Industrial Ins. Commission of Washington, 80 Wash. 426, 141 P. 913, Ann. Cas. 1916B, 789.

That there is no causative connection

824

shown in this record between the unlawful
employment and the injury sustained would
be material in a common-law action, but it
can have no application in a case against a
compensation insurer. The liability of such
insurer must be measured by the contract,
and, if not liable by its terms, no cause of
action exists whatever.

The case has been fully developed. All
of the testimony was given by appellees and
their witness, the employer Davis. There is,
therefore, no need to remand this cause for
another trial. It is, accordingly, our order
that the judgment of the trial court be re-
versed and that judgment be here rendered
that appellees take nothing by their suit.

Reversed and rendered.