## GILLEY et al. v. ÆTNA LIFE INS. CO.
### No. 1124—5393.

Commission of Appeals of Texas, Section B.
Feb. 4, 1931.

Owen & Owen and Chastain & Judkins, all of Eastland, for plaintiffs in error.

Jos. W. Hale, of Waco, for defendant in error.

**SHORT, P. J.**

This lawsuit finally reached the district court of Eastland county through the regular

channels after the Industrial Accident Board had entered a final ruling and decision on the claims of A. W. Gilley and wife and Dr. J. W. Howell against the defendant in error, as compensation insurer under the Workmen's Compensation Act. Upon a trial to a jury, judgment was rendered against the defendant in error, in favor of Gilley and wife in a lump sum and also in favor of Dr. J. W. Howell, for the value of medical services rendered by him to the deceased, son of Gilley and wife, who died from the effects of burns received while employed by a road contractor, George F. Davis, engaged in building a public road. From that judgment the defendant in error appealed to the Court of Civil Appeals of the Eleventh District at Eastland, and that court reversed the judgment of the district court and rendered a judgment in favor of the defendant in error. 12 S.W.(2d) 821.

The Court of Civil Appeals found the facts to be that the employer, Davis, was a subcontractor engaged in building a public highway; that Dallas Gilley, a child 10 years of age, was employed as errand boy by Davis, and while so employed had the misfortune of igniting his clothing in an unaccounted manner, and died as a result thereof, from which facts the Court of Civil Appeals concluded that the deceased child was not an employee of Davis, within the meaning of the Workmen's Compensation Act, and therefore that his employment was in violation of articles 1574 and 1576 of the Penal Code, and, without considering any of the other assignments of error, based its decision upon that finding of fact.

The application by the plaintiffs in error for the writ of error challenges the correctness of this legal conclusion reached by the Court of Civil Appeals, and it is the only question presented for our consideration.

Section 12i, article 8306, Rev. St. (Workmen's Compensation Law) is as follows: "If it be established that the injured employee was a minor when injured and that under normal condition his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages and compensation may be fixed accordingly. *This section shall not be considered as authorizing the employment of a minor in any hazardous employment which is prohibited by any statute of this State.*" (Italics ours.)

Among other provisions article 8309, of the same law, provides that: " 'Employee' shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written," excepting certain classes of persons not necessary here to mention. The same article further provides that "any reference to any employee herein who has been injured shall, when the employee is dead, also include the legal beneficiaries."

Article 1574 of the Penal Code makes the employment of any child under the age of 17 years, by any person to work in any mine, quarry, or place where explosives are used, a misdemeanor, while article 1576 of the same Code provides that "any person * * * having in his employ or under his control any child under the age of fifteen (15) years who shall require or permit such child to work or be on duty for more than eight '(8) hours in any one calendar day, or for more than forty-eight hours in any one week, * * *. shall be deemed guilty of a misdemeanor."

The testimony is sufficient to justify the finding of fact by the Court of Civil Appeals that the employment of Dallas Gilley by Davis was in violation of article 1576. One of the findings of fact by the jury, upon which the judgment of the trial court was based, is that Dallas Gilley, was not employed to labor in any mine, quarry, or place where explosives were being used at the time of said employment and injury.

The legal effect of the finding on this subject by the Court of Civil Appeals is to hold that this finding of fact, by the jury, is not supported by sufficient testimony, since this finding is supported by some evidence. Such being the law on this subject, the Court of Civil Appeals could not legally have ignored this finding of fact by the rendition of a judgment in direct opposition thereto, but, for its further findings of fact, supported as it is by uncontradicted testimony, that Dallas Gilley was not an employee of Davis by reason of the violation of the provisions of article 1576 of the Penal Code, the substance of which has been stated heretofore, and its conclusion of law based thereon.

■ It is an historical fact, of which courts will take judicial knowledge, that the primary purpose of the lawmaking powers, in enacting workmen's compensation laws, is to benefit those particular classes of employees, specially named as such in the law. The first section of the law in this state clearly indicates this to have been the purpose of the Legislature by providing that, in an action to recover damages for personal injury sustained by an employee in the course of his employment, or for death resulting from personal injury so sustained, certain common-law defenses named in the article should not longer be a defense to such action. It is also provided in section 3 of the article that, while the employees of a subscriber and the parents of minor employees shall have no right of action against their employer for damages for personal injuries or for injury resulting in death, yet such employees, or their representatives and beneficiaries, in place of this deprivation of such common-law right, shall look for compensation to the association, as is provided in the law, except

under certain conditions not arising in this case.

In Mingus v. Wadley, 115 Tex. 559, 285 S. W. 1084, 1087, Chief Justice Cureton, in the rather elaborate opinion rendered in that case, which involved the construction of the Workmen's Compensation Act, among other things says: "Having in mind the general rule that workmen's compensation acts are to be liberally construed to effectuate their beneficial purpose, there can be no doubt, that, when the Legislature specified the county in which a suit to vacate an award should be filed as the county where the accident occurred, the specification was exclusive and intended to be jurisdictional." Following this language, and for the purpose of giving emphasis and meaning thereto, the Chief Justice further says: "In fact, the statute itself declares that the rights of the parties are to be determined *'by the provisions of this law.'*" The italicized phrase found in this opinion is taken from the opinion, a part of which has been quoted. In the case of Oilmen's Reciprocal Association v. Franklin, 116 Tex. 62, 286 S. W. 195, 196, in speaking of the Workmen's Compensation Act, the court says: "The legislation in question marks off and occupies a field of special regulation. The Legislature purposed a very material change of rights and remedies available to employers and employees of the classes dealt with. Substantially, with the consent of those to be affected, pre-existent bases of rights were destroyed, and old remedies were made unavailable. In their stead, new conditions were prescribed under which rights would accrue, and hitherto unheard of remedies for the enforcement of those rights were named, as generally explained in Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556. In becoming a 'subscriber' under the law, the employer claims its benefits, and thereby voluntarily yields rights which he might otherwise have in substitution for those there prescribed, and by entering or remaining in the service of an employer who has thus become a 'subscriber' the employee voluntarily effects a comparable change of position. As to a person, etc., who may become an 'insurer,' the statute itself, of course, is the source of all rights claimable, and the subjection of those rights to the remedies prescribed rests entirely in volition. As between the three persons affected in any case, new rights, new duties, and appropriate new remedies come into existence by operation of the law." And this opinion cites with approval, from Bac. Abbr. the following: "It is in the general true that, if an affirmative statute which is introductive of a new law direct a thing to be done in a certain manner, that thing shall not, even though there are no negative words, be done in any other manner."

■■■ It appears from the statement of facts affirmatively that Dallas Gilley, in fact worked ten hours a day. However, it does not appear affirmatively that in working ten hours a day he was complying with the terms of agreement made with Davis, the contractor, to work ten hours a day. It is true that this testimony is susceptible of this meaning, but it does not necessarily establish that the parties, when the contract was made, intended to violate a provision of the Penal Code. Courts will not indulge the presumption, in the absence of proof upon which to base it, that individuals, in doing an act, intended to violate a provision of the penal law, where the testimony is susceptible reasonably of a construction and meaning which would not violate such a law. As said in case of Texas Employers' Insurance Association v. Tabor (Tex. Com. App.) 283 S. W. 779, 780: "Where a contract is capable of two interpretations, the one rendering it void and the other valid, the latter will always be adopted. All parties are presumed to know the law, and are likewise presumed to intend that their agreement shall have legal effect."

■■■ It is apparent from the context of the Workmen's Compensation Law that minors come within the meaning of the word "employees," as used in that law, except where the employment is hazardous and prohibited by the law of the state, under the rules of construction of the language used in the special law as heretofore quoted. Since a minor would not be an employee in a hazardous employment, prohibited by law, it logically follows that a minor could be such an employee in any employment not hazardous and not so prohibited, other conditions of the law being present.

■ This being a special law relating to a special subject, its provisions, under the rules of construction above mentioned, will be given effect, even though a different conclusion would be reached under the provisions of the general law. The statement in the Workmen's Compensation Law prohibiting the employment of a minor in any hazardous employment, which is prohibited by any statute of this state, under the maxim, "expressio unius est exclusio alterium" (the expression of one thing is the exclusion of another), is sufficient legal authority for courts to hold that the employment of a minor in any other employment, save that of one which is hazardous, and which has been prohibited by the penal laws of the state, is a lawful employment, provided, of course, other conditions are presented making the contract a legal one. Moreover, the scheme of the Workmen's Compensation Law contemplates that the rights of employees do not accrue until the transaction between the parties, forming a basis for the rights of the em-

ployees, has been completed. No employee, under this law, has any right to compensation until an injury has been received. In this case the plaintiffs in error are asserting the right to be compensated for the death of Dallas Gilley, under the identical circumstances, according to their allegations prescribed by the law, giving compensation to beneficiaries. We assume, for the purposes of this discussion, that these conditions exist, exclusive of the contested issue, that the *contract* of employment of Dallas Gilley by its terms, express or implied, required the minor to work more than eight hours a day. We are of the opinion that, in the absence of any direct proof that the agreement between the employer and Dallas Gilley embraced a provision that Dallas Gilley should work more than eight hours a day, the law will presume that no such provision was embraced in the agreement. The bare fact that Dallas Gilley did work more than eight hours a day is not conclusive as a matter of law to override the presumption that the parties, at the time the contract was made, intended that its terms should embrace legal provisions only.

In the Workmen's Compensation Law of the state of California, which is substantially the same as the law of Texas on this particular subject, it was held that the fact that the injured employee, in view of his youth, is employed unlawfully, does not bar the recovery of compensation. A similar conclusion under a similar situation was reached by the judicial authority in the state of Iowa. In other words,, under the law of this state, the employer cannot avoid the obligation imposed by the Workmen's Compensation Act by urging that the employment violated some provision of a general law. As said in Stanton v. Masterson, 2 Cal. I. A. C. Dec. 707: "Where an employer either wilfully or in good faith employs a minor under 15 years of age in violation of the law, which requires that a permit be secured from the Superintendent of Schools prior to such employment, the minor on being injured in the course of his employment is entitled to compensation, notwithstanding the illegality of the employment." We have a similar penal statute in this state, but, under the facts of this case, the Court of Civil Appeals properly held that this particular penal statute was not violated, but did hold that another was, rendering the claim for compensation invalid. Honnold on Workmen's Compensation, vol. 1, par. 57. Notwithstanding the jury found that under all the facts and circumstances in evidence the employment of the deceased was not a hazardous one, which finding was in response to a specially requested issue by the defendant in error, and which was an additional finding on this subject to the same effect, presented in the main charge of the court, the Court of

Civil Appeals, in its opinion, in effect, declares that these findings of fact are not supported by any substantial testimony, but that, on the contrary, the testimony is uncontradicted that the employment of the minor was in violation of article 1574 of the Penal Code forbidding the employment of "any child under the age of seventeen (17) years to labor in any mine, quarry or place where explosives are used," and for that reason the child was not an employee of Davis, the contractor.

In support of this conclusion the Court of Civil Appeals states in its opinion the facts upon which it rests this conclusion. We are of the opinion that these facts, stated in the opinion of the Court of Civil Appeals, do not support the conclusion of law reached by the Court of Civil Appeals to the effect that they show, beyond contradiction, that the employment of the minor was in violation of article 1574 of the Penal Code. However, there are other facts pertinent to this issue, found in the statement of facts, which tend to support the findings of fact by the jury on this issue. We find in the statement of facts testimony to the effect that the minor carried water and light tools, such as he could carry; that at the time the minor was injured the contractor was engaged in grading and putting up the dump on the highway; that the duties of the minor, under these circumstances, were to come from the work and get water and carry it to the place where the men were working, in discharging which duties the minor walked up and down the highway, furnishing the water supply from the camp to the place where the men were working; that, if a pick got dull the men sent it into the shop by the minor to get it sharpened; that, if a singletree would break, the minor would take it to the blacksmith shop, and, after it was repaired, would return it to the place where the men were working; that the minor never did work around where any dynamiting was going on; that this was not allowed by the contractor or any one working for him, who assumed and directed the movements of the minor, and that there was no dynamite, powder, or other explosives around the place where the duties of the minor required him to go. We think this testimony justified a submission of this issue to the jury. Whether it is sufficient to support the findings of facts on this issue by the jury is a question of fact, and we assume that the Court of Civil Appeals considered this testimony and in effect has held that it was insufficient to support that finding. This the Court of Civil Appeals had the exclusive authority to determine, and, having so determined, the Supreme Court would not have the authority to determine otherwise.

The defendant in error presented to the Court of Civil Appeals an assignment to the effect that the testimony was not sufficient to

authorize the submission to the jury of the issue whether the deceased was injured in the course of his employment. Again, the defendant in error presented to the Court of Civil Appeals an assignment to the effect that the facts did not justify the rendition of a judgment in favor of the parents of the minor for a lump sum, and, again, the defendant in error presented to the Court of Civil Appeals an assignment to the effect that the trial court rendered a greater judgment in favor of the plaintiff in error Dr. J. W. Howell than the facts justify. Neither of these assignments are mentioned by the Court of Civil Appeals in its discussion of the case. Whether the deceased was injured in the course of his employment was a contested issue of fact, the determination of which is within the exclusive province and duty of the Court of Civil Appeals. The other matters involved in the other assignments last above mentioned are also matters of fact, the determination of which rests with the Court of Civil Appeals in the first instance, and, being material facts, which only the Court of Civil Appeals has the lawful right to determine, and which it has not determined, we are of the opinion that the defendant in error has the right to have them passed on by the Court of Civil Appeals. We think this is especially true, since it may be that the Court of Civil Appeals, having based its judgment upon its conclusion that the plaintiffs in error are not entitled to a recovery on the alleged ground that the employment of the minor was a violation of articles 1574 and 1576 of the Penal Code, and therefore the minor was not an employee of the contractor, did not deem the discussion of either of these assignments essential to a proper disposition of the case.

However, by reason of the fact that the Court of Civil Appeals has erroneously held that there was no testimony of a substantial nature which supports the finding of the jury to the effect that, under the circumstances of the case, the employment of the minor was not a hazardous one, and yet that court did not pass upon the contested issues of fact presented by the above assignments of error, which power of the Court of Civil Appeals is an exclusive one, we recommend that the judgment of the Court of Civil Appeals be reversed, and that the case be remanded to that court for further consideration of the assignments we have mentioned and which have not been considered by the Court of Civil Appeals, and for such disposition of the case as it shall see proper to make, consistent with this opinion.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals for further consideration, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.