## ÆTNA LIFE INS. CO. v. GILLEY et al.
### No. 513.

Court of Civil Appeals of Texas. Eastland.
July 10, 1931.

Rehearing Denied Sept. 18, 1931.

Joseph W. Hale, of Waco, for appellant.

Owen & Owen and Chastain & Judkins, all of Eastland, for appellees.

HICKMAN, C. J.

At a former term we rendered judgment in favor of appellant. Ætna Life Insurance Company v. Gilley, 12 S.W.(2d) 821. A writ of error was granted by the Supreme Court and our judgment reversed. Gilley v. Ætna Life Insurance Company, 35 S.W.(2d) 136. The judgment of the Supreme Court remands the cause to this court for the purpose of having us pass on certain assignments named in the opinion by the Commission of Appeals not considered by us in our former opinion.

As we construe the opinion of the Commission, we are instructed to consider the sufficiency of the evidence to support the following findings: (1) That the employment of Dallas Gilley by Geo. H. Davis was not a hazardous employment; (2) that the facts justified the rendition of a judgment in favor of the parents of the minor for a lump sum; and (3) that the value of the professional services rendered by Dr. J. W. Howell was $252. We are also instructed to pass on an assignment that there was not sufficient evidence to authorize the court to submit to the jury the question of whether the deceased was injured in the course of his employment. This latter question is not one of the sufficiency of the evidence to support the finding, but of the existence of any evidence warranting the submission of the issue to the jury. We have not the power or authority to consider the sufficiency of the evidence to support a finding upon an assignment complaining that there is no evidence. Hall Music Co. v. Robertson, 117 Tex. 261, 1 S.W.(2d) 857. We overrule this assignment. There was ample evidence authorizing the submission of this issue to the jury. There is in the brief an assignment which might be construed as raising the issue of the sufficiency of the evidence to support the finding

of the jury on this issue. This evidence has been considered, and the assignment is overruled.

■ With regard to the issue of the sufficiency of the evidence to support the finding that the employment was not hazardous, we hold that there is sufficient evidence in the record to support this finding. It would appear on the surface that we are now holding the same evidence to be sufficient to support a finding which we formerly held to be wholly lacking. This apparent inconsistency arises from the fact that our conclusions of law differed from those announced by the Commission of Appeals and approved by the Supreme Court. It was our opinion that, since the Penal Code forbids the employment of a minor to work in a place where explosives are used, no issue of fact as to whether the particular employment was hazardous was involved. As we interpret the opinion of the Commission of Appeals, the holding is that, in order to prevent a minor from being an employee under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.), the contract must not only be unlawful, but the employment must be hazardous as a matter of fact. Under this holding, if we properly interpret it, when a minor, employed in violation of the child labor laws, is injured in the course of his employment, whether his cause of action is one for damages against his employer or for compensation under the Workmen's Compensation Law cannot be determined in advance, but is dependent upon whether the jury finds from the facts of that particular case that his employment was hazardous. A finding in his suit under the Workmen's Compensation Law that the employment was hazardous would defeat his claim, and a finding in his action for damages against his employer that his employment was not hazardous would defeat his claim for damages. Entertaining the view of law above expressed, we did not consider this assignment at all, deeming same immaterial. Complying with the instructions from the Supreme Court we have considered same, and hold that the evidence supports the finding.

The facts justified the rendition of a judgment in favor of the parents for a lump sum, and all contentions to the contrary are overruled.

The facts do not support a judgment in favor of Dr. J. W. Howell for $252. His own testimony, which was all the evidence offered on the question, conclusively establishes that the amount of his recovery should have been $125 instead of $252. The judgment must accordingly be reformed so as to limit his recovery to the amount justified by the evidence.

The opinion of the Commission does not specifically point out other assignments upon which we are to pass, but we have considered them and overrule all of them not passed upon in the opinion by the Commission, except the one as to the excessiveness of the recovery by Dr. Howell.

The judgment of the trial court will be reformed in accordance with what has been stated above, and, as reformed, will be affirmed.

FUNDERBURK, J.

I concur in the opinion (and consequent disposition of the case) because it seems to me to answer correctly, according to the record, the specific matters which, as shown in the opinion of the Commission of Appeals, has been resubmitted for our determination. I am in some doubt whether or not we have correctly construed the opinion of the higher court. It seems to me highly desirable that the views of the Supreme Court should be given clearer expression, with particular reference to the difficulties we have had in interpreting the holding.

In our former opinion we regarded the fact of whether Dallas Gilley, a minor, was employed in a hazardous occupation as being not determinative of any question upon which defendant's liability depended, and as being therefore, in a sense, immaterial. A better statement of our position, perhaps, would be, in the light of the higher court's opinion, that whether such fact was material or not, it was completely comprehended and controlled by the larger question of the illegality of the employment, which, according to our views, was shown by the uncontroverted evidence.

In the opinion of the Commission of Appeals it seems to be the holding of the court that the provision in section 12i, art. 8306, R. S. 1925, reading, "this section shall not be considered as authorizing the employment of a minor in any hazardous employment which is prohibited by any statute of this state," has the effect under operation of the rule or principle "expressio unis est exclusio alterium" (expression of one thing is the exclusion of the other), to exempt the employment of a minor from the operation of any and all laws which have the effect to render a contract of employment illegal, with the exception of one prohibiting a hazardous employment. The logical consequences of this holding, if properly it is to be so construed, are so remarkable as to raise a doubt in my mind if same were intended. For example: A employs B, an adult, and C, a minor, the contract of employment expressly requiring them to work on Sunday at a work not exempted from the Sunday laws. B is not an employee. If injured, he cannot recover compensation. C is an employee and may recover. Again, A employs B, an adult, and C, a minor, to run a gambling house. B is

not an employee and can claim no benefits under the Workmen's Compensation Law. But C is an employee and entitled to claim all such benefits. Take another example: A employs B, an adult female, and C, a girl child, to work in a mill or factory, the contract of employment requiring more than nine hours work each day, and more than fifty-four hours each week in express contravention of the Penal Code, art. 1569. The woman is not an employee under the Workmen's Compensation Law, but the child, being a minor, is such employee. Numerous such examples of the necessary effect of the court's holding, if we understand same, could be given. Is such the meaning of the court's decision? The opinion says [35 S.W.(2d) 136, 137]: "The testimony is sufficient to justify the finding of fact by the Court of Civil Appeals that the employment of Dallas Gilley by Davis was in violation of article 1576." Certainly article 1576 condemns a contract of employment by which a child under fifteen years of age is required or permitted to work or be on duty more than eight hours a day. Why, then, was not that fact sufficient support for the judgment, regardless of the possible insufficiency of other grounds? Is not the reason to be found in the court's holding that the provision quoted from section 12i, art. 8306, makes that statute inapplicable to a minor? And, if so, would not the same be just as true of any employment under any contract which a statute renders unlawful, with the single exception noted?

The opinion raises another question, which it seems to me it is highly desirable should be answered or explained in the interest of the general jurisprudence of the state. That is, why the facts of this case should not be held to come within the exception noted. Granting that we have correctly construed the court's holding in the respect already mentioned, why does not the present case come squarely within the exception as being a hazardous employment prohibited by the statutes of this state? The court does not hold—or, if so, we wholly misconstrue same—that Dallas Gilley's employment did not require him to labor in a "place where explosives" were "used." That apparently was deemed to be immaterial. Seemingly, the material inquiry was held to be: Was the employment in fact hazardous? What does section 12i, art. 8306, mean by "hazardous employment which is prohibited by any statute of this State"? The Legislature was evidently of opinion that there was one or more hazardous employments which it had undertaken by statute to prohibit. If so, what were such hazardous employments, and prohibited by what statutes? Can it be questioned that if there be any such hazardous employments, article 1574 is at least one of the statutes which prohibits some of them? Why does article 1574 prohibit the employment of any child under the age of seventeen "to labor in any mine, quarry or place where explosives are used," unless it be that the Legislature had predetermined that such employment was hazardous? The question as a question of fact whether in a particular case the employment of a child under seventeen years of age in a mine, quarry, or place where explosives are used is a hazardous employment, would seem to have been foreclosed by the law itself. A perfect analogy is found in the law of negligence. If a statute prohibits an act or an employment and the doing of such act or the fact of such employment is the proximate cause of an injury, no question of fact as to the existence or not of negligence arises. The question of negligence is foreclosed by the law. If section 12i, art. 8306, by the provision above quoted, has reference to article 1574, which it seems to me cannot be doubted, why is not the fact question as to whether the employment is hazardous foreclosed by the law itself in precisely the same way? In a railroad damage suit, where negligence is charged in failing to sound the whistle and ring the bell, and where the undisputed evidence shows such failure to sound the whistle and ring the bell, would a judgment be supported by a verdict and finding that it was not negligence to do so?

The very mention of these matters, it seems to me, must suggest the possibility that we have wholly misinterpreted the opinion of the court. If we have done so, may not our error be in some degree chargeable to a want of entire clearness in the opinion of the higher court which it would serve the public welfare to have removed?

The only excuse for offering these remarks is that, in case the jurisdiction of the Supreme Court be again invoked in this case, whatever its action, it may deem it advisable to restate a little more clearly and certainly the views of the court upon the questions involved.