## HASKINS v. CHERRY.

### No. 13800.

Court of Civil Appeals of Texas. Dallas.

May 2, 1947.

Rehearing Denied May 23, 1947.

Baker & Baker, of Sherman, for appellant.

Gullett & Gullett and R. W. Stoddard, all of Denison, for appellee.

LOONEY, Justice.

Lola Mae Haskins, a minor, by and through her father Joseph Haskins as next friend, sued Luther Cherry to recover damages for personal injuries received while engaged as an employee in a laundry and dry cleaning plant operated by the defendant in the City of Denison, Texas, which had a population of more than 15,-000. The defendant filed a plea in abatement alleging, in substance, that he was a subscriber under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq.; that the Hardware Mutual Casualty Company was his insurance carrier; that at the time plaintiff was employed by the defendant, and at the time she received her injury, which is conceded was in the course of her employment, she was a minor, but thirteen years of age; in regard to which defendant filed with the Industrial Accident Board all necessary and required reports; that plaintiff also filed or caused to be filed with the Board her claim for compensation under the compensation law and received nine payments of $12 each thereon, subject, however, to and without waiving any claim she might have at common law against the defendant; that no final order, judgment or ruling has been made or entered by the Industrial Accident Board on the claim, but same is still pend-

692

ing; and while the claim was in that status, on October 11, 1946, plaintiff instituted the present suit. In view of these facts, defendant shows that the instant suit was wholly unauthorized; that plaintiff's claim for damages for the personal injuries received is, controlled exclusively by the provisions of the Workmen's Compensation Law. Therefore, defendant prayed that the plea in abatement be sustained and the suit dismissed.

On hearing, the court sustained the plea and dismissed the suit, to which plaintiff excepted, gave notice of, perfected appeal, and presents for reversal but one point of error, contending that "This case should be reversed because the court in sustaining defendant's plea in abatement held that a minor injured in the course of an employment prohibited by Article 1573, Vernon's Annotated Penal Code, is confined exclusively in his claim by reason of such injuries to the provisions of the Workmen's Compensation Law."

The provisions of the compensation law applicable to minors, Section 12i of Art. 8306, R.C.S., before being amended read as follows: "If it be established that the injured employe was a minor when injured and that under normal condition his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages and compensation may be fixed accordingly. This section shall not be considered as authorizing the employment of a minor in any hazardous employment which is prohibited by any statute of this State."

. While the statute existed as just shown, several cases calling for its construction reached our appellate courts, and in each instance it was held that minors employed in violation of law were not employees within the meaning of the compensation law; therefore were neither compelled nor permitted to invoke its provisions. This rule was announced in Waterman Lumber Co. v. Beatty, Tex.Civ.App., 204 S.W. 448, affirmed by Supreme Court, 110 Tex. 225, 218 S.W. 363; Galloway v. Lumbermen's Indemnity Exchange, Tex.Civ.App., 227 S. W. 536, affirmed by Supreme Court, Tex. Com.App., 238 S.W. 646. The decision, however, that seems to have attracted the

immediate attention of the Legislature, then in session, and caused the statute to be amended, was Gilley v. Ætna Life Ins. Co., 35 S.W.2d 136, by the Commission of Appeals, approved by the Supreme Court.

The amendment, adopted by the 42nd Legislature in 1931, omitted the following language from the original Act, to-wit: "This section shall not be considered as authorizing the employment of a minor in any hazardous employment which is prohibited by any statute of this State"; and, in lieu of this omitted language, the amendment added the following: "A minor who has been employed in any hazardous or other employment which is prohibited by any Statute of this State, shall nevertheless be entitled to receive compensation under the terms and provisions of this Act. Provided, that this Section shall not be construed to excuse or justify any person, firm or corporation employing or permit-; ting to be employed a minor in any haz-. ardous or other employment prohibited by any Statute of this State."

█ It is evident, we think, that this amendment was adopted for the purpose of admitting minors employed in violation of law to the status of employees, and bring them under the provisions of the compensation law.

Our attention has been called to but one case involving the construction of the amendment, that is, the case of Huffman v. Southern Underwriters, 133 Tex. 354, 128 S.W.2d 4, 7, by the Supreme Court. The case was where a minor employed in violation of law lost his life in the course of the employment. His parents, claiming to be beneficiaries, sought compensation and were met with the objection that, under the circumstances, they were not entitled to the benefits of the Compensation Law. In disposing of the matter, Judge Sharp, among other things, said: "The Workmen's Compensation Law recognizes the rights of minors to become employees thereunder. See Section 12i, supra. The old Article 8306 came before this Court for construction in the case of Gilley v. Ætna Life Ins. Co., Tex.Com.App., 35 S.W.2d 136. We will not review here the holding in that case. Immediately after that opinion was rendered, the Legislature amended Article

8306, § 12i, into its present form. This section now provides, in effect, that a minor who has been employed in any hazardous or other employment which is prohibited by any statute of this State shall nevertheless be entitled to recover compensation under the terms of this Act. It logically follows that if the rights of the minor were preserved under this law, then under the provisions of Article 8309, § 1, second subd. 4, the rights of the legal beneficiaries of the employee, if dead, shall also be preserved."

Thus it is obvious that although the employment is in violation of law, nevertheless the minor is regarded as an employee within the meaning of the compensation law, same as any other employee.

However, plaintiff argues that the only construction that can be placed on the amendment is that it gives the illegally employed minor, injured in the course of his employment, the right either to enforce his claim under the terms of the Workmen's Compensation Law or in a common-law action for damages against the employer, as he may choose.

We cannot accept this view of the matter. In our opinion, the amendment had the effect of placing the minor, although employed in violation of law, on a parity with all other employees, entitled to all the rights and benefits of the compensation law and subject, as any other employee, to its limitations and restrictions, one of which (Section 3 of Article 8306) provides that employees of a subscriber, parents, representatives or beneficiaries of deceased employees, shall have no right of action to recover damages against such subscribing employer, his agent, servant or employee, "but such employés and their representatives and beneficiaries shall look for compensation solely to the association [provided for in the Act] (the insurance carrier)."

This statute was recently construed by the Supreme Court in Bell v. Humble Oil & Refining Co., 142 Tex. 645, 181 S.W.2d 569, in which the Supreme Court said (Syl.): "Where evidence in personal injury action conclusively established that plaintiff was employee of defendant and working in course of his employment when injured, and defendant was a subscriber under compensation law and carried compensation insurance, plaintiff was not entitled to recover and his exclusive remedy was under compensation law. Rev.St.1925, art. 8306, § 3."

It follows from what we have said that, in our opinion, judgment of the court below sustaining the plea in abatement was correct, hence is hereby affirmed.