**RAILWAY EXPRESS AGENCY, Inc. v. KNEBEL et al.**

**No. 4680.**

Court of Civil Appeals of Texas. El Paso.

Nov. 16, 1949.

Rehearing Denied Dec. 21, 1949.

Trueheart, McMillan & Russell, San Antonio, for appellant.

Eskridge & Groce, San Antonio, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the County Court at Law No. 2, of Bexar County. The case originated in the Justice Court, wherein Railway Express Agency, Inc., as plaintiff, recovered a judgment against defendants Sam Knebel and Curtis Kelley, jointly and severally, in the sum of $120.00. An appeal was taken from such judgment to the said County Court at Law No. 2, by defendant Knebel, and in a trial before the court judgment was rendered in favor of the appellant Railway Express Agency, against Curtis Kelley, but in favor of Knebel against the Railway Express Company, Inc.

A car owned by appellee Sam Knebel driven in a negligent manner by Curtis Kelley, collided with a parked car of appellant and substantial damage was inflicted to such car. As to defendant Kelley plaintiff alleged he was driving the car while intoxicated, driving on the left side of the street, failed to keep a proper lookout and did not have his car under proper control. As to defendant Knebel it was alleged that Knebel was the owner of the automobile driven by Kelley on the occasion in question; that Knebel entrusted the car to Kelley with the knowledge that Kelley did not have a driver's license; that Knebel was guilty of negligence in permitting Kelley to drive the automobile knowing that he had no lawful right to drive same.

As stated, the trial was to the court, without a jury. It was not demanded of the court that findings of fact and conclusions of law be filed.

There appears in the transcript an agreed statement of facts, under Rule 378 of the Texas Rules of Practice and Procedure. From the Statement of Facts it appears that on the date of the accident Knebel had in his employ as handyman at his home, the defendant Kelley. Knebel lived about four miles north of San Antonio and by direction of Knebel Kelley had driven several of Knebel's automobiles on errands. Knebel had in his employ at the time in question Kelley's aunt, a Negro woman named Myrtle. Knebel, at the conclusion of each day's work, customarily drove Myr-

tle and Kelley to Myrtle's home, located in San Antonio on San Pedro Avenue.

On the date in question Knebel directed Kelley to drive Myrtle to her home in Knebel's 1946 pickup truck. He specifically instructed Kelley to drive his truck to Myrtle's home, leave it there for the night, and use it to drive Myrtle and himself back to work the next morning. Driving the truck from Knebel's house to Myrtle's home did not require their going through the business districts of San Antonio, but only through the outskirts of the city. Kelley, in accordance with instructions from Knebel, left Knebel's home on December 4th, 1947, at about 5:30 or 6:00 o'clock.

On December 4th, at about 11:55 P. M., while in an intoxicated condition, Kelley negligently drove said truck on the wrong side of the road and into plaintiff's truck while plaintiff's truck was parked at the curb, which negligence resulting from an intoxicated condition was the sole cause of such resultant damage to plaintiff's truck in the sum of $127.50. At the time of the accident there were three other Negroes besides Kelley in the truck. The accident occurred in the 200 block of North Medina Street, San Antonio, Bexar County, which is in the west part of the business district of San Antonio. At the time of the accident Kelley was not within the scope of his employment, nor the scope of the permission granted to use the truck, but was on a frolic of his own. At the time of the accident Kelley did not have a Texas driver's license. At the time Knebel entrusted the possession of the car to Kelley he knew that Kelley did not have such license. From the agreed Statement of Facts it appears that Kelley was not acting in the scope of his employment, hence Knebel was not liable for the acts of Kelley on the theory of employer and employee. If Knebel is to be held liable for the acts of Kelley it must be on the theory that he was guilty of negligence in entrusting the car to the possession of Kelley to be driven on the streets of San Antonio, when he knew Kelley had no lawful right to so operate said car, and that such negligence was the proximate cause

of damage to appellant. Vernon's Ann.Civ. St. art. 6687b governs the licensing of drivers of automobiles; requires an applicant for a license must pass an examination by the Department of Public Safety; Sec. 36 of said Article makes it unlawful for any person knowingly to permit a motor vehicle owned by him or under his control to be driven by any person not licensed or otherwise authorized under the Statute to operate a motor vehicle. Sec. 44 of said Article makes the violation of the provisions of this Act a misdemeanor. It has been recently decided by the Supreme Court that the violation of Sec. 36 of said Art. 6687b is negligence per se. Mundy et al. v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 590.

Under the case just cited the agreed facts established that Knebel was guilty of negligence in allowing Kelley to operate the automobile on the public streets. If justification is to be found for the judgment of the trial court it must be found in the attributed finding that the negligence was not the proximate cause of the damage to appellant's property. Copied from the agreed Statement of Facts there appears the following: "On December 4, at about 11:55 p. m., while in an intoxicated condition, Kelley negligently drove said truck on the wrong side of the road and into plaintiff's truck, while plaintiff's truck was parked at the curb, which negligence directly resulted from such intoxicated and was the sole proximate cause of such accident and resultant damage to plaintiff's truck in the sum of $127.50."

If Kelley's negligence was the sole proximate cause of the damage, then the negligence of Knebel did not proximately contribute thereto. It is further established that Kelley at the time he inflicted the wrongs upon appellant was acting neither within the scope of his employment nor within the scope of his permission to operate the truck. It is stated in Mundy v. Pirie-Slaughter Motor Co., supra: "Mere proof that the defendant's agents were guilty of negligence per se or that they were guilty of negligence in fact, does not, of course, establish liability on the defendant's part. Plaintiff must go farther and

prove that such negligence was the proximate cause of the collision in which he was injured." Waterman Lumber Co. v. Beaty, 110 Tex. 225, 218 S.W. 363.

■ In the case of Russell Construction Co. v. Ponder, 143 Tex. 412, 186 S.W.2d 233, cited in Mundy v. Pirie-Slaughter Motor Co., supra, it seems to have been held operation by consent of the owner was a constituting element of the issue of proximate cause. Now it is true that if appellee had not entrusted the possession of the automobile to Kelley on the occasion in question, the damage to appellant's truck would not have occurred, but that a negligent act is cause of damage is not sufficient to constitute same the proximate cause. To constitute the same a proximate cause where it is not wilful, a defendant should be able to reasonably anticipate that injury would result as a natural and probable consequence thereof, not the precise actual injury, but some likely to result therefrom. Knebel knew Kelley did not have a license. The agreed Statement fails to show that if Kelley was addicted to the use of intoxicating liquors that appellee had any notice thereof; that he had any notice that Kelley would likely operate the automobile beyond the scope of the permission granted him to operate it. One of the essentials laid down in the recent case by the Supreme Court upon which appellant apparently bases his contention is that the driver while in the possession under the permission granted by the owner, drove the automobile negligently. Now it is clear that Kelley was not driving the automobile under the permission granted by Knebel at the time of the accident in question. It is clear that negligence on the part of Kelley did cause the collision and injury and damage to appellant.

■ It is held that under the facts agreed it was not a necessary legal inference that the negligence on the part of Knebel was a proximate cause of the injury and damage. It is therefore ordered that the judgment of the trial court be in all things affirmed.