# FEBRUARY, 1945

ALPHINE TELEPHONE CORPORATION V. W. D. McCALL ET AL.

No. A-138. Decided November 15, 1944.
Rehearing overruled February 7, 1945.
(184 S. W., 2d Series, 830.)

*Robertson, Leachman, Payne, Gardere & Lancaster* and *Henry D. Akin,* all of Dallas, for petitioner.

It was error for the Court of Civil Appeals to reverse and remand the cause on account of the charge of the trial court in submitted negligence as an issue of fact, and in not holding, as a matter of law, that the maintenance of the telephone pole at the place it was maintained could not be the proximate cause of plaintiff's injuries, and also in not holding that the finding

of the jury that the negligence of telephone company was not the proximate cause of the injuries, required the affirmance of the judgment in favor of the telephone company as rendered by the trial court, regardless of whether or not the maintenance of the pole at the particular place was negligence as a matter of law. Sitas v. City of San Angelo, 177 S. W. (2d) 185; 31 Tex. Jur. 412; Ball v. Gulf States Utility Co., 123 S. W. (2d) 937; Aranda v. Texas & N. O. Ry. Co., 140 S. W. (2d) 236.

*Frank O. Ray,* of Alpine, and *Morris & Morris* and *Will A. Morris,* all of San Antonio, for respondents.

Valid ordinances and statutes regarding the placing of wire or other appliances must be observed and the violations thereof are negligence per se. 29 C. J. S., 48; Shippers Compress v. Davidson, 80 S. W. 1032; Alice, Wade City Tel. Co. v. Billingsley, 77 S. W. 255; American Const. Co. v. Seelig, 104 Texas 16, 133 S. W. 429.

MR. JUDGE SHARP delivered the opinion of the Court.

This suit was brought by W. D. McCall, both individually and as next friend, against the Alpine Telephone Corporation, for personal injuries sustained by his minor son, Earl McCall. The trial court rendered judgment for the defendant upon the answers of a jury to special issues. Upon appeal, the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. 183 S. W. (2d) 205. We refer to the opinion of the Court of Civil Appeals for a more detailed statement of the case and the issues raised and determined therein.

On the evening of the accident which resulted in the injuries to Earl McCall, he and a companion were returning to their homes from a carnival in the eastern part of the City of Alpine. When an automobile driven by Oscar Moses approached the boys, they solicited a ride. Since three other persons beside Moses and his wife were in the car, the boys got on the running boards, young McCall on the right side and his companion on the left. Soon after picking up the boys, Moses turned into Holland Avenue, a main thoroughfare running east and west, and proceeded west along the right side of that street at a speed of from ten to fifteen miles per hour. An automobile approached from the west and swerved to its left, momentarily blinding Moses and causing him to turn to the right. When he did so, his automobile struck a glancing blow on a telephone pole belonging to petitioner, causing serious injuries to young McCall.

This suit was brought on the theory that the installation or maintenance of the telephone pole in the place in which it was maintained was negligence on the part of petitioner. At the close of the evidence respondent excepted to the submission of the issue of petitioner's negligence to the jury, on the ground that petitioner was chargeable with negligence *per se,* because the installation and maintenance of the telephone pole in question violated Article 1416, Revised Civil Statutes, Article 784, Penal Code, and an ordinance of the City of Alpine which granted a franchise to S. G. Smith, predecessor in interest of the petitioner.

In answer to special issues the jury found as follows: To special Issue No. 1, that the petitioner was not negligent in maintaining the telephone pole complained of at the place in question; to Special Issue No. 2, that such negligence, if any, was not the proximate cause of Earl McCall's injuries; to Special Issue No. 7, that the accident was not an unavoidable accident; to Special Issue No. 9, that the way and manner in which the eastbound automobile was being driven immediately prior to the accident constituted and was the sole proximate cause of the accident; to Special Issue No. 11, that Earl McCall's riding on the right-hand running board of the automobile being driven by Oscar Moses was negligence, and that such negligence proximately caused, or proximately contributed to cause, the accident in question; to Special Issue No. 12, that Earl McCall's riding on the right-hand running board of the Moses automobile, with his back turned to the north, was negligence, and that such negligence proximately caused, or proximately contributed to cause, the accident in question.

Respondent objected to Special Issue No. 1 on the ground that the issue submitted the negligence of petitioner, when the proof established such negligence beyond issue. The Court of Civil Appeals held that the objection was sufficiently specific to call the trial court's attention to the fact that such negligence was shown, and that the case should be reversed, unless, as a matter of law, it appears that a verdict should have been instructed in favor of petitioner. The Court of Civil Appeals correctly held that the judgment for petitioner rests solely on the answer of the jury to Special Issue No. 1 that petitioner was not negligent in maintaining the telephone pole.

■ Petitioner is a local telephone company, and therefore can derive no right to use the streets from Article 1416, Vernon's Annotated Civil Statutes. City of Brownwood v. Brown Tel &

Tel. Co., 106 Texas 114, 157 S. W. 1163; Athens Telephone Co. v. City of Athens (Civ. App.), 163 S. W. 371 (writ refused); Athens Telephone Co. v. City of Athens (Civ. App.), 182 S. W. 42; (writ refused); Fink v. City of Clarendon (Civ. App.), 282 S. W. 912; Texas Telephone Co. v. City of Mart (Civ. App.), 226 S. W. 497.

In 1923 an ordinance was enacted by the City of Alpine granting a franchise to S. G. Smith to operate a telephone exchange in that city. The petitioner purchased this franchise at some time before the accident, and at all material times has operated the telephone system in Alpine. Section II of the ordinance reads as follows:

"All poles of the said telephone lines shall and must be placed ôn the outer edge of the sidewalks next the curb line inside the curbstone, unless otherwise designated by the City Commission, or other person under its direction, and shall be at all times so placed and maintained as to conform with the reasonable rules and regulations of the city commission of the said City of Alpine, Texas; provided, however, that no poles shall be placed in the driveway of any street or alley, nor in such manner as to incommode public travel on such streets or alleys; and provided further all poles located in the business portion of the said City shall be not less than thirty feet in length; and all poles shall be of good substantial quality."

The evidence does not show just when the pole was erected, but it has been in the same location for many years. It is undisputed that the pole is on the street side of the curb stone. Petitioner asserts the fact to be that when the pole was erected, there was no curb stone in that particular part of the street, and that thereafter the curb stone was built so as to angle inside the pole. Thus petitioner contends that the pole was not placed outside the curb stone, but that the curb stone was placed so as to leave the pole between the curb stone and the street.

■ The provisions of the ordinance are, in terms, directed only at the placing of poles in the forbidden areas. However, it can not reasonably be construed to prohibit the placing, and not the maintaining. Such a construction would throw a cloak of legality over all poles which were placed in accordance with the terms of the ordinance, even though subsequent widening or changing of the course of the street left them in the traveled way.

■ It is to be noted that the ordinance provides that "no poles shall be placed in the driveway of any street or alley." Even

though there was a strip along the side of the street that was not paved, and some evidence that the greater part of the traffic on the street kept to the pavement, the evidence shows without dispute that the unpaved portion of the street was smooth and fit for travel. Under these circumstances, it can not be said that this particular portion of the street was not part of the driveway of the street. The petitioner's contention that there is no showing that the curb line of the street is at the same place as the curb stone is overruled. The testimony shows that the abutting landowner either constructed the curb stone or had it constructed. The building of the curb and the long use of the street are at least sufficient to raise a presumption of dedication. Elliott on Roads and Streets (4th Ed.), pp. 208, 209, and 210, sec. 175; 14 Tex. Jur., p. 703 sec. 16, p. 707, sec. 18. Of course, the presumption is rebuttable, and it is competent for the petitioner to disprove it, but here the petitioner has introduced no evidence whatever as to the location of the curb line. It merely relies on the asserted weakness of respondents' case.

■ Aside from the foregoing, it is plain from the wording of the ordinance that the words "curb line," as used therein, mean the line as established on the ground. The ordinance contemplates a curb line coincident with the curb stone, and not some imaginary line having no existence except perhaps on a map or plat. The obvious purpose of the ordinance is to eliminate the danger to the driving public that would be incident to placing telephone poles in the streets. To effectuate that purpose, the ordinance explicitly provided that poles should be placed inside the curb stone. It would be evasive of the ordinance to sustain petitioner's contention.

The long silence or even acquiescence of the City can not have the effect of authorizing the obstruction. American Const. Co. v. Seelig, 104 Texas 16, 133 S. W. 429.

■ Valid ordinances of a municipal corporation must be observed, and a violation thereof constitutes negligence *per se.* Texas & P. Ry. Co. v. Brown, 11 Texas Civ. App. 503, 33 S. W. 146 (writ refused); Foley v. Northrup, 47 Texas Civ. App. 277, 105 S. W. 229, (writ refused); Ward v. Cathey (Civ. App.), 210 S. W. 289 (writ refused); Zucht v. Brooks (Civ. App.), 216 S.W. 684; Shaver v. Mason (Civ. App.), 13 S. W. (2d) 450; 30 Tex. Jur., p. 729, sec. 66; 29 C. J. S., p. 597, sec. 48. But the mere fact that petitioner had violated the ordinance in placing and maintaining its poles in the street would not, as a matter of law, entitle respondents to recover for damages sustained. This Court, speaking through Mr. Justice Greenwood, in the case of

Waterman Lumber Co. v. Beatty, 110 Texas 225, 218 S. W. 363, said:

"There is no doubt that it is essential to the maintenance of an action for damages for a personal injury, founded on the violation of a statute, to establish, not only a violation of the statute, but that the violation was the proximate cause of the injury. Though the violation of the statute would be negligence per se, the action would fail without a showing of proper causal connection between the negligence and the injury. Shearman & Redfield, Law of Negligence (Street's Ed.), sec. 27; Texas & P. Ry. Co. v. Bigham, 90 Texas 225, 38 S. W. 162; Spokane & Inland R. R. v. Campbell, 241 U. S. 510, 36 Sup. Ct. 683, 60 L. Ed. 1125; Stirling v. Bettis Mfg. Co. (Civ. App.), 159 S. W. 916; Elk Cotton Mills v. Grant, 140 Ga. 727, 79 S. E. 836, 48 L. R. A. (N. S.) 656. It follows that there was the same necessity for a proper application of the thoroughly settled law of proximate cause in this case as in the ordinary negligence case involving no violation of a statute." See also Jones v. Gibson, 18 S. W. (2d) 744; Abercombie Co. v. Delcomyn, 134 Texas 490, 135 S. W. (2d) 978.

■ Since we have concluded that the evidence shows conclusively that the petitioner violated the ordinance in maintaining the pole at the scene of the accident, we think that the Court of Civil Appeals correctly held that the issue of petitioner's negligence in maintaining the pole in the street should not have been submitted to the jury.

■ Finally, we think that it can not be held, as a matter of law, that petitioner's negligence was not the proximate cause of the accident. It is a well-established principle that the rules of causation apply with equal force in a case of violation of a statute or an ordinance as in the ordinary case where negligence is a fact issue. Waterman Lumber Co. v. Beatty, supra; Abercrombie Co. v. Delcomyn, supra; Hines v. Foreman (Com. App.), 243 S. W. 479; Paris & G. N. Ry. Co. v. Stafford (Com. App.), 53 S. W. (2d) 1019.

■ In this case it is not required that the employees of the petitioner should have foreseen that this particular accident would happen in the exact manner that it did happen,. The standard of liability is "that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated

might reasonably have been foreseen." San Antonio & A. P. Ry. Co. v. Behne (Com. App.), 231 S. W. 354; Carey v. Pure Distributing Corp., 133 Texas 31, 124 S. W. (2d) 847; Missouri K. T. R. R. Co. of Texas v. McLain, 133 Texas 484, 126 S. W. (2d) 474.

■ It is true that the jury found McCall guilty of contributory negligence. It is also true that the jury found, in answer to Special Issue No. 9, that the way or manner in which the eastbound automobile was being driven was the sole proximate cause of the accident. These findings are on defensive issues, and are in conflict. A B C Stores, Inc. v. Taylor, 136 Texas 89, 148 S. W. (2d) 392; Fidelity & Casualty Co. v. McLaughlin, 134 Texas 613, 135 S. W. (2d) 955; Dug v. Roeser & Pendleton, Inc. (Civ. App.), 96 S. W. (2d) 682.

■ Petitioner's contention that the jury's answer to Special Issue No. 2, to the effect that the negligence of petitioner, if any, was not the proximate cause of Earl McCall's injuries, requires an affirmance of the judgment of the trial court can not be sustained. We agree with the Court of Civil Appeals that the issue of proximate cause was, in effect, conditionally submitted. Obviously the jury could have answered Special Issue No. 2 in no other manner than was done, after finding that petitioner was not negligent. After finding no negligence on the part of the petitioner, the jury no longer had the issue of proximate cause relating to that issue before it, and its answer to Issue No. 2 is immaterial. LeMaster v. Farrington (Civ. App.), 103 S. W. (2d) 189 (writ dismissed); Speer, Law of Special Issues in Texas, p. 573, sec. 444; 41 Tex. Jur., p. 1232, sec. 365. The court should have submitted to the jury unconditionally the issue as to whether the maintenance of the pole outside of the curb by the defendant was a proximate cause of the collision.

■ The fact that the jury found that McCall was guilty of contributory negligence, and that the negligence of a third party was the sole cause of the collision, does not, under the circumstances here presented, require a judgment for petitioner; for if the issue as to whether the maintenance of the pole in the street was the proximate cause of the collision had been properly submitted to the jury, the jury might have found in favor of the respondents on that issue, and if it had so found, its findings would have been in conflict with its finding that the negligence of the third party was the sole cause of the collision.

The Court of Civil Appeals correctly decided that this case should be reversed and remanded for a new trial. The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered November 15, 1944.

Motion for rehearing overruled February 7, 1945.