**WILLIAMSON MOTOR COMPANY et al.,**
**Relators,**

v.

**Honorable Tillman SMITH, District Judge,**
**et al., Respondents.**

No. 12789.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 27, 1954.

Rehearing Denied Dec. 29, 1954.

Keys, Russell, Keys & Watson, Charles R. Porter, Jr., Corpus Christi, for appellants.

Kleberg, Mobley, Lockett & Weil, Kirkham & Graham, Corpus Christi, for appellees.

POPE, Justice.

This is a mandamus action which seeks to compel the entry of a judgment on a partial verdict. The suit originated as an intersection automobile collision. Dewey Leftwich and wife, plaintiffs, were passengers in a vehicle driven by J. E. Min-

nick. The Minnick vehicle collided with a vehicle driven by T. N. Dyer and owned by Williamson Motor Company. When we hereafter refer to Dyer, we intend to include Williamson Motor Company also. The pleadings are complex, but we shall state the essential relations of the parties pertinent to this mandamus proceeding.

Leftwich and wife sued Minnick, the driver, as a member of a joint enterprise. They also sued Dyer. Minnick defended against the Leftwich suit by pleading, among other matters, that Dyer's negligence was the sole proximate cause of the collision. Minnick also sued Dyer. Dyer defended against the Leftwich suit by pleading that Minnick was negligent, that Minnick and Mr. and Mrs. Leftwich were engaged upon a joint enterprise, and that Minnick's negligence was the sole proximate cause of the collision. Dyer also sued Minnick.

The jury was unable to arrive at answers to some of the special issues, and the trial court declared a mistrial. To determine whether the court should enter a judgment on the basis of the issues that were answered, we must look at the verdict. We shall first look at the verdict from the standpoint of the issues which were answered. The jury found that Mr. and Mrs. Leftwich, as passengers in the Minnick vehicle, were engaged in a joint enterprise with Minnick, the driver. The jury found that Mr. and Mrs. Leftwich were not negligent. The jury found that Minnick was negligent in failing to keep a proper lookout and that the negligence was a proximate cause of the collision. The jury also found that Dyer was negligent in driving in excess of thirty miles per hour and that this was a proximate cause of the collision. The result of such findings would be that Mr. and Mrs. Leftwich would have a judgment against the other member of their joint enterprise, Minnick. This is so, because negligence is not imputed to the other members of the joint enterprise in an action between themselves. LeSage v. Pryor, Tex.Com.App., 137 Tex. 455, 154 S.W.2d 446; Rankin v. Nash-Texas Co.,

Tex.Com.App., 129 Tex. 396, 105 S.W.2d 195; 2 Tex.Jur.10-yr. Supp., Automobiles, §§ 321, 322. However, the negligence of Minnick, the driver member of the joint enterprise, is imputed to Mr. and Mrs. Leftwich, the nondriver members, in their suit against Dyer. LeSage v. Pryor, supra; Rankin v. Nash-Texas Co., supra. Because Minnick's negligence was a proximate cause of the collision, he could not recover against Dyer, and because Dyer's negligence was a proximate cause of the collision, he could not recover in his action against Minnick. Hence, on the basis of these findings, Mr. and Mrs. Leftwich, the nondriving members of the joint enterprise, would have a judgment only against Minnick, the driving member of the joint enterprise, and there would be no other liability. That is the judgment which relators, Dyer and Williamson Motor Company, urge us to order entered.

We now turn to the unanswered issues to determine whether answers would have disturbed this result. Minnick pleaded that the negligence of Dyer, the other driver, was the sole proximate cause of the collision. Dyer, in his answer, pleaded that the negligence of Minnick was the sole proximate cause. The latter issue was not answered. It is necessary for us to determine whether the former was answered on the basis of additional facts.

The trial court submitted an issue to determine whether it was Minnick or Dyer who violated the right-of-way. The jury was unable to reach an answer, but they proceeded to answer the two subsidiary issues, by which they purported to find that the violation of the right-of-way was a proximate cause, but not the sole proximate cause. For clarity, we shall state the form of the issues more fully:

"Special Issue No. 6:

"Which driver, that is, Dyer * * * or Minnick, * * * do you find from a preponderance of the evidence, should have yielded the right-of-way to the other?"

The issue was unanswered.

"Special Issue No. 7:

"Do you find from a preponderance of the evidence that the failure to yield the right-of-way on the part of the driver you have found above should have yielded the right-of-way, was a proximate cause of the collision?"

The issue was answered "Yes."

"If you have answered Special Issue No. 7, 'Yes', then answer Special Issue No. 8; otherwise do not answer same.

"Special Issue No. 8:

"Do you find from a preponderance of the evidence that such failure, if there was such, to yield the right-of-way, was not the sole proximate cause of the collision?"

The jury answered the issue, "It was not the sole proximate cause."

■ An examination of the issues shows that Special Issue No. 7 was not conditioned in the usual way upon an answer to Special Issue No. 6. However, Special Issue No. 7, within the body of the issue, expressly required an answer finding proximate cause "on the part of the driver you have found above should have yielded the right-of-way." Special Issue No. 6 calls for the statement of a named person. Special Issue No. 7 asks a question about that same person, and Special Issue No. 8 inquires about "such failure," meaning the failure of a named person. Since the jury could not agree upon who violated the right-of-way, they could not answer questions which required the naming of that person in the preliminary question. Under the authorities, the answers to Special Issues Nos. 7 and 8 must be disregarded and taken as unanswered. Alpine Telephone Corporation v. McCall, 143 Tex. 335, 184 S.W.2d 830; Erwin v. Welborn, Tex.Civ. App., 207 S.W.2d 124; Texas Life Ins. Co. v. Hatch, Tex.Civ.App., 167 S.W.2d 802.

■ The situation presented is one wherein Minnick is liable on the basis of the answered issues. An issue was also submitted inquiring whether negligence on the part of Minnick in failing to keep a proper lookout was the sole proximate cause of the damages to Mr. and Mrs. Leftwich, which was not answered. Minnick, in defense of the Leftwich suit against him, was entitled to plead and obtain an answer to the issue on sole proximate cause which may have charged Dyer with the sole cause of the collision. Northern Texas Traction Co. v. Woodall, Tex.Com.App., 299 S.W. 220. Though Minnick and Dyer were both negligent, under the findings, Minnick, as defendant, was entitled to have "the whole or all the issues submitted," and this is true though the most that could be hoped for would be a possible conflict in the answers. Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368; McCall v. Alpine Telephone Corporation, Tex.Civ.App., 183 S.W.2d 205, affirmed Alpine Telephone Corporation v. McCall, 143 Tex. 335, 184 S.W.2d 830, 835.

■ Since the jury failed to answer an issue which Minnick was entitled to have answered and which may have affected the result, the verdict is incomplete and the mandamus will be refused.

On Motion for Rehearing.

Relators urge in their motion for rehearing that we erred in stating that Minnick defended against the Leftwich suit by pleading that Dyer's negligence was the sole proximate cause of the collision. A re-examination of the transcript reflects that Minnick's answer to the Leftwich petition does not assert sole proximate cause. However, Minnick's answer to the suit brought against him by Dyer asserts that the accident was "solely caused by the reckless and negligent manner" in which Dyer drove his vehicle, and this was alleged in the pleadings in some detail, including Dyer's failure to yield the right-of-way. Minnick pleaded sole proximate cause and so did Dyer. Leftwich alleged Dyer's failure to yield the right-of-way as the sole cause. All parties relied upon the issue.

■ However, whether the trial court should have submitted the issue is not the question in a mandamus proceeding. In

passing on the issuance of a writ of mandamus, we must take the issues as submitted. The trial court may or may not have committed error in submitting the issue. Errors are considered on appeal; not in mandamus proceedings. Friske v. Graham, Tex.Civ.App., 128 S.W.2d 139. The important fact is that the issue was submitted, and because it was unanswered the verdict is incomplete.

The motion for rehearing is overruled.