**HOOKS TELEPHONE COMPANY,**
Appellant,

v.

**TOWN OF LEARY, Appellee.**
No. 7373.

Court of Civil Appeals of Texas.
Texarkana.
Dec. 12, 1961.

Moore & Lipscomb, Paris, Austin Guest, Clarksville, for appellant.

Wheeler, Watkins, Hubbard & Patton, Texarkana, for appellee.

CHADICK, Chief Justice.

This is an appeal from a decree granting a temporary injunction pending trial on the merits of a suit for permanent injunction. The judgment is affirmed.

For several years before July, 1960, Mrs. Maud Dennis operated a telephone service in the Leary community of Bowie County. The service consisted of two five party lines connected with the Hooks, Texas, telephone exchange. C. L. Johnson, the owner of the Hooks telephone system, purchased these two lines and the equipment, etc., appurtenant thereto from Mrs. Dennis July 1, 1960. At the time of sale the lines had eight subscriber patrons, and one has since been added.

The Leary community voted at an election held September 27, 1960, to incorporate as a municipality. The results were certified thereafter on October 10th by the County Judge, and duly recorded October 14th. The telephone lines serving the Leary community were located generally within the incorporated area of the new town of Leary. The lines were erected along and across a State Highway with Highway Department permission.

Following acquisition of the two lines Johnson began an improvement program. He negotiated a large loan and allocated $20,000 to extensions and improvements in the Leary area. A cable with capacity for handling a much larger volume of business than the two party lines was started, though it had not been extended into the Leary area at the time this litigation commenced. Poles for six miles of lines were set, though lines were not strung. Much of the hardware to be used in the completion of the improvement program was bought and stored. The program with its stockpiling and construction was in progress before and on the eve of the incorporation election in the Leary community.

Johnson went forward with the program after the town of Leary incorporated. Beginning in November he operated as a private corporation, having so incorporated his business in that month. To avoid confusion reference to Johnson hereinafter is intended to mean his corporate enterprise. A letter dated December 1, 1960, signed by the Mayor and all five aldermen of the town of Leary requested Johnson to immediately stop construction and remove his telephone system from the town. A conference was arranged between the mayor, aldermen and Johnson. No agreement was reached and the conference adjourned. Johnson left with the impression that he would be accorded other opportunities to negotiate with the town officials for a franchise to operate within the incorporated limits. However, no further meetings were held, though there is some indication that informal conversations may have occurred from time to time.

Shortly before April 5, 1961, Johnson commenced construction again, and on the 5th the Council passed the following resolution:

"Whereas, the Hooks Telephone Company of Hooks, Texas, operates a general telephone exchange with the City of Hooks and the contiguous area, and

"Whereas, said Company through its officers, agents, and employees has extended its poles and lines upon public and private property within the corporate limits of the Town of Leary, Texas, without request, invitation, contract or franchise; and

"Whereas, repeated requests have been made upon said Company to cease such operations and extensions within the Town of Leary, Texas, it being the desire of this Board as representative of the people of the Town of Leary, Texas, that such Company not operate

within said Town nor maintain any of its poles, lines, fixed equipment or facilities within the corporate limits thereof:

"Now, Therefore, Be It Resolved by the Board of Aldermen of the Town of Leary, Texas,

"1. That a copy of this resolution be forwarded to the Hooks Telephone Company as a final and formal request that it cease its operations within the Town of Leary, Texas, and withdraw all of its lines, poles, and other fixed facilities from within the corporate limits of the Town of Leary, Texas, within twenty (20) days from the receipt hereof, and

"2. That if within twenty (20) days from receipt hereof such request has not been complied with or the Hooks Telephone Exchange has not made arrangements therefor to the satisfaction of this Board, then the City Attorney is authorized and instructed to file suit in the name of the Town of Leary, Texas, as Plaintiff against such corporation in order to secure full compliance with the matters set forth herein.

"Unanimously Passed, Approved and Executed at a regular meeting of the Board of Aldermen of the Town of . Leary, Texas, on this the 5th day of April, A.D.1961. * * *."

Suit was thereafter instituted by the town against Johnson. This appeal is in a proceeding ancillary thereto.

The temporary injunction granted was prohibitionary, enjoining the Hooks Telephone Company from constructing extensions or installing additional lines, etc., upon, along, over, or across the highway, streets, alleys and public property within the corporate limits of Leary. The appellant has briefed the following four points of error, to-wit:

"First Point. Hooks Telephone Company is entitled to use the streets of the town of Leary, as it furnishes an out-of-town as well as a local telephone service.

"Second Point. The trial court erred in granting the temporary injunction against Hooks Telephone Company, as a local telephone company lawfully operating in an unincorporated area is entitled after incorporation to continue its operation in that territory.

"Third Point. The trial court erred in granting the temporary injunction against Hooks Telephone Company, as a balancing of equities discloses to do so imposes on it a disproportionate financial loss and injury, posed against an absence of showing of irreparable damage to the Town of Leary by denial of the temporary injunction.

"Fourth Point. The trial court erred in granting the temporary injunction against Hooks Telephone Company, as there was no evidence of probable injury."

■ In discussing these points, recitation of the facts will be made in harmony with the familiar rule that on appellate review the facts shown by the record, and reasonable inferences therefrom will be given a construction, so far as susceptible, that will support the judgment rendered by the trial court.

■ The town of Leary has and may exercise through its Board of Aldermen exclusive control over its streets, alleys and other public places within its corporate limits. See Sec. 2, Art. 1146, Vernon's Ann. Tex.St. The Supreme Court of Texas in Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945, 949, said: "No one has the inherent right to carry on his private business upon the public streets of a town or city."

In briefing his first two points appellant does not fault the statements in the paragraph above as an abstract statement of the law, but insists that the trial court erred in

failing to recognize his operation in the Leary area as being in the nature of long distance telephone service rather than local service. He claims that the facts in this case entitled him to the privileges Art. 1416 confers upon long distance telephone systems to erect lines over and across the streets and alleys of an incorporated town. In support of this position, City of Brownwood v. Brown Telegraph & Telephone Co., 106 Tex. 114, 157 S.W. 1163 and 40 T.J. Sec. 35, pp. 413–415 are cited.

■ At the hearing it was established that the telephone service rendered by the lines in operation and the service to be made available by the improvement and extension program Johnson inaugurated after acquiring the Dennis facilities was local service out of the Hooks exchange. Long distance telephone service had always been handled, and under Johnson's program would continue to be handled by connections through the Hooks exchange with long distance lines of the Bell Telephone Company. Johnson's program was to expand the existing operation, and improve the service with more modern equipment and facilities, but it is nowhere suggested that the fundamental nature of the local telephone service operation was to be changed. A local telephone system is not entitled to the privileges granted long distance telephone companies by Art. 1416, as it is interpreted by the courts. See, Alpine Telephone Corporation v. McCall, 143 Tex. 335, 184 S.W.2d 830; City of Brownwood v. Brown Telegraph & Telephone Co., 106 Tex. 114, 157 S.W. 1163; Athens Telephone Co. v. City of Athens, Tex.Civ.App., 163 S.W. 371, wr. ref.; Athens Telephone Co. v. City of Athens, Tex.Civ.App., 182 S.W. 42, wr. ref.; Fink v. City of Clarendon, Tex.Civ.App., 282 S.W. 912; Texas Telephone Company v. City of Mart, Tex.Civ. App., 226 S.W. 497.

■ The cases cited next above clearly show that telephone companies in Texas fall into two classes, either local or long distance. A succinct definition clearly distinguishing a local telephone system from a long distance system under all circumstances might be difficult to formulate, but it is not called for here as Johnson continued to operate the identical local system that was purchased from Mrs. Dennis and planned only to improve and expand it. A change from local to long distance telephone business would require a change in the type of service performed by the local system The fact that a part of the area in which it operates has changed from rural to urban made no change in the nature of the service rendered or the purpose of the business the appellant is engaged in. Art. 1416 has no application in this case.

■ The appellant was and is operating its lines in the area later incorporated into the town of Leary. It had the permission of the State Highway Department to erect its lines along that part of the State highway which later became a part of the municipality. Appellant argues that these facts give it a status which was unaffected by the incorporation of the area, and gave it the privilege of using the streets of the town without permission from its governing body. No authority is cited which will support this proposition. Use of the State highway right-of-way is at most a matter of permissive occupancy, and as between the appellant and the town of Leary, the appellant acquired no rights superior to those exercisable by the town pursuant to Art. 1146. The first and second points of error are overruled.

As background to consideration of appellant's third point, that is, in respect to balancing the equities between the parties, it is to be noted that the writ did not enjoin the appellant from operating existing lines. The appellant was only prevented from undertaking additional construction and expansion. It was not required to remove, dismantle or destroy any facility erected or dispose of material stockpiled. It is significant also that the greater part of the construction was undertaken a short time before the incorporation election and that fol-

lowing incorporation at least two clear requests from the town officials to cease operation were ignored. The telephone lines were in operation and construction had been resumed when the temporary injunction was granted.

The trial judge might well have concluded from the evidence that Johnson took a calculated risk in undertaking and going forward with his construction program, and was prepared to accept the consequences good and bad. The evidence indicated Johnson probably had actual knowledge of the effort to incorporate the Leary area at the time he began his program, and certainly had constructive knowledge that the area might become incorporated and control of the streets pass to the municipal corporation. As to such constructive knowledge see Davis v. State ex rel. Incorporated Town of Anthony, Tex.Civ. App., 298 S.W.2d 219, n. r. e. The Judge could have, and probably did, conclude that since Johnson voluntarily embraced the risk, he arranged to minimize any loss that might occur and in any event only slight monetary loss would be involved as the injunction granted did not require him to dismantle his lines or cease operating the local system.

■ On the other hand the town through its governing officials had an obligation to control and regulate the use of its streets in the interest and welfare of its citizens. In the execution of this duty the town was empowered to make reasonable rules and regulations governing traffic and other use to which its streets might be put. The town was empowered to grant franchises to public utility operators permitting them the use of the streets and other public property and impose conditions in this respect. See "Streets", 39 Tex.Jur., Sec. 68, 75 and 79. Mr. Johnson testified that it was a custom of the industry that one telephone company would not come into an area occupied by another company.

■ Looking to the position of both parties, as the trial judge must be presumed to have done, it is apparent that if the court did not vindicate the authority of the town to control its streets, with the telephone company free to make such use of the streets as it desired, the town would be paralyzed in any effort to regulate traffic in the streets, or the use thereof by other utilities. A loss of control would render difficult, perhaps impossible, the franchising of not only telephone but other utility service for its inhabitants. Negotiations would be foreclosed so far as a telephone service franchise was concerned, as other companies would not come into the area. The town would be limited to using the appellant's services upon whatever terms the appellant considered reasonable.

■ In balancing the equities in cases such as this the authorities agree that the public welfare and convenience is of paramount importance. See Mitchell v. City of Temple, Tex.Civ.App., 152 S.W.2d 1116, wr. ref.; "Injunctions", Texas Practice (Lowe and Archer) p. 323, Sec. 315; 24–A Tex. Jur. (2) p. 105, Sec. 59. Under the circumstances shown the trial judge might reasonably have concluded that the disadvantage to the welfare of the inhabitants of the town outweighed the probability of loss to Johnson resulting from a temporary cessation of his expansion program. Appellant's point 3 is overruled.

■ In considering appellant's fourth point the previous discussions with respect to the disadvantageous position of the town in negotiating for utility service, including telephone service, has equal application in considering the probability of injury to the town if the injunction was not granted. It might be added that it is the duty of the town to keep its streets open for the use of the public, and in order to do so it is not necessary to prove that it has sustained pecuniary damage, or that it has no adequate remedy at law. Patterson v. City of Bowie, Tex.Civ.App., 295 S.W.2d 676, n. w. h. The record in its entirety contains evidence sufficient to show a probable right in the town to deny appellant the use of its

streets in the manner proposed, and a probable injury to its welfare if that right was denied. The trial judge did not err in this respect. See Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549. The appellant's fourth point of error is overruled.

No error requiring reversal is shown; therefore the judgment of the trial court must be affirmed. It is so ordered.