**HOOKS TELEPHONE COMPANY, Appellant,**

v.

**The TOWN OF LEARY, Appellee.**

No. 7493.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 3, 1963.

Rehearing Denied Oct. 1, 1963.

Ed. Gossett, Whitney R. Harris, Dallas, Grover Sellers, Sulphur Springs, J. H. Hand, Dallas, Moore & Lipscomb, Paris, Austin Guest, Clarksville, for appellant.

William L. Peek, Jr., Wheeler, Watkins, Hubbard & Patton, Texarkana, for appellee.

FANNING, Justice.

The Town of Leary brought suit to enjoin the operations of Hooks Telephone Company, a corporation, within the incorporated area of the Town of Leary. A temporary injunction was granted and the judgment of the trial court granting same was affirmed by this court. 352 S.W.2d 755, n. w. h. Trial was had on permanent injunction and the trial court granted plaintiff's motion for instructed verdict, finding specifically (among other things) that defendant telephone company was not a long-distance telephone corporation, and that there was no evidence to raise such issue, and had no vested right to the operation of its business within the boundaries of the Town of Leary, and rendered judgment permanently enjoining defendant telephone company from conducting its operations upon and along any of the public roads, streets, highways, alleys and other public property within the incorporated area of the Town of Leary and the judgment required the immediate withdrawal and removal of all of the company's lines, poles, wires, and other equipment and facilities from and off of the public roads, streets, highways, alleys and other public property within the incorporated area of the Town of Leary. Appellant telephone company has appealed.

Appellant has briefed the following four points of error, to-wit:

"FIRST POINT

"The trial court erred in granting appellee's motion for an instructed verdict.

"SECOND POINT

"The trial court erred in granting appellee's motion for an instructed verdict, because Hooks Telephone Company is furnishing a long distance telephone service.

"THIRD POINT

"The trial court erred in granting appellee's motion for an instructed ver-

dict, because the evidence raised an issue of fact with respect to the local or long distance character of appellant's business.

## "FOURTH POINT

"The trial court erred in granting appellee's motion for an instructed verdict, because the evidence is undisputed Hooks Telephone Company operated a telephone service between two incorporated areas, the Town of Leary and the Town of Hooks, and is therefore in the long distance telephone business."

Although additional and more extensive evidence was adduced upon the hearing on permanent injunction than on the hearing on the temporary injunction, we have reached the conclusion that basically the controlling facts have not been materially changed since rendition of this court's opinion in the earlier hearing upon the temporary injunction in this cause. Hooks Telephone Company v. Town of Leary, Tex. Civ.App.1961, 352 S.W.2d 755, n. w. h. It is our further view after carefully considering the record in this cause that Chief Justice Chadick's announcement in the earlier case that Art. 1416, Vernon's Ann. Civ.St., had no application was correct and also still remains the law under the basic controlling facts in this cause. We quote from the earlier case referred to above (352 S.W.2d 755) in part as follows:

"For several years before July, 1960, Mrs. Maud Dennis operated a telephone service in the Leary community of Bowie County. The service consisted of two five party lines connected with the Hooks, Texas, telephone exchange. C. L. Johnson, the owner of the Hooks Telephone system, purchased these two lines and the equipment, etc., appurtenant thereto from Mrs. Dennis July 1, 1960. At the time of sale the lines had eight subscriber patrons, and one has since been added.

"The Leary community voted at an election held September 27, 1960, to incorporate as a municipality. The results were certified thereafter on October 10th by the County Judge, and duly recorded October 14th. The telephone lines serving the Leary community were located generally within the incorporated area of the new town of Leary. The lines were erected along and across a State Highway with Highway Department permission.

"Following acquisition of the two lines Johnson began an improvement program. He negotiated a large loan and allocated $20,000 to extensions and improvements in the Leary area. A cable with capacity for handling a much larger volume of business than the two party lines was started, though it had not been extended into the Leary area at the time this litigation commenced. Poles for six miles of lines were set, though lines were not strung. Much of the hardware to be used in the completion of the improvement program was bought and stored. The program with its stockpiling and construction was in progress before and on the eve of the incorporation election in the Leary community.

"Johnson went forward with the program after the town of Leary incorporated. Beginning in November he operated as a private corporation, having so incorporated his business in that month. To avoid confusion reference to Johnson hereinafter is intended to mean his corporate enterprise. A letter dated December 1, 1960, signed by the Mayor and all five aldermen of the town of Leary requested Johnson to immediately stop construction and remove his telephone system from the town. A conference was arranged between the mayor, aldermen and Johnson. No agreement was reached and the conference adjourned. Johnson left with the impression that he would be accorded other opportunities to negotiate with the town officials for a franchise to operate within the

incorporated limits. However, no further meetings were held, though there is some indication that informal conversations may have occurred from time to time.

"Shortly before April 5, 1961, Johnson commenced construction again, and on the 5th the Council passed the following resolution:

"'Whereas, the Hooks Telephone Company of Hooks, Texas, operates a general telephone exchange with the City of Hooks and the contiguous area, and

"'Whereas, said Company through its officers, agents, and employees has extended its poles and lines upon public and private property within the corporate limits of the Town of Leary, Texas, without request, invitation, contract or franchise; and

"'Whereas, repeated requests have been made upon said Company to cease such operations and extensions within the Town of Leary, Texas, it being the desire of this Board as representative of the people of the Town of Leary, Texas, that such Company not operate within said Town nor maintain any of its poles, lines, fixed equipment or facilities within the corporate limits thereof:

"'Now, Therefore, Be It Resolved by the Board of Aldermen of the Town of Leary, Texas,

"'1. That a copy of this resolution be forwarded to the Hooks Telephone Company as a final and formal request that it cease its operations within the Town of Leary, Texas, and withdraw all of its lines, poles, and other fixed facilities from within the corporate limits of the Town of Leary, Texas, within twenty (20) days from the receipt hereof, and

"'2. That if within twenty (20) days from receipt hereof such request

has not been complied with or the Hooks Telephone Exchange has not made arrangements therefor to the satisfaction of this Board, then the City Attorney is authorized and instructed to file suit in the name of the Town of Leary, Texas, as Plaintiff against such corporation in order to secure full compliance with the matters set forth herein.

"'Unanimously Passed, Approved and Executed at a regular meeting of the Board of Aldermen of the Town of Leary, Texas, on this the 5th day of April, A.D. 1961 * * *.'

Suit was thereafter instituted by the town against Johnson. This appeal is in a proceeding ancillary thereto.

"The temporary injunction granted was prohibitory, enjoining the Hooks Telephone Company from constructing extensions or installing additional lines, etc., upon, along, over, or across the highway, streets, alleys and public property within the corporate limits of Leary. The appellant has briefed the following four points of error, to-wit:

"'First Point. Hooks Telephone Company is entitled to use the streets of the town of Leary, as it furnishes an out-of-town as well as a local telephone service.

"'Second Point. The trial court erred in granting the temporary injunction against Hooks Telephone Company, as a local telephone company lawfully operating in an unincorporated area is entitled after incorporation to continue its operation in that territory.'

* * * * * *

"The town of Leary has and may exercise through its Board of Aldermen exclusive control over its streets, alleys and other public places within its corporate limits. See Sec. 2, Art. 1146, Vernon's Ann.Tex.St. The Supreme

Court of Texas in Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945, 949, said: 'No one has the inherent right to carry on his private business upon the public streets of a town or city.'

"In briefing his first two points appellant does not fault the statements in the paragraph above as an abstract statement of the law, but insists that the trial court erred in failing to recognize his operation in the Leary area as being in the nature of long distance telephone service rather than local service. He claims that the facts in this case entitled him to the privileges Art. 1416 confers upon long distance telephone systems to erect lines over and across the streets and alleys of an incorporated town. In support of this position, City of Brownwood v. Brown Telegraph & Telephone Co., 106 Tex. 114, 157 S.W. 1163 and 40 T.J. Sec. 35, pp. 413–415 are cited.

"At the hearing it was established that the telephone service rendered by the lines in operation and the service to be made available by the improvement and extension program Johnson inaugurated after acquiring the Dennis facilities was local service out of the Hooks exchange. Long distance telephone service had always been handled, and under Johnson's program would continue to be handled by connections through the Hooks exchange with long distance lines of the Bell Telephone Company. Johnson's program was to expand the existing operation, and improve the service with more modern equipment and facilities, but it is nowhere suggested that the fundamental nature of the local telephone service operation was to be changed. A local telephone system is not entitled to the privileges granted long distance telephone companies by Art. 1416, as it is interpreted by the courts. See, Alpine Telephone Corporation v. McCall, 143 Tex. 335, 184 S.W.2d 830; City of

Brownwood v. Brown Telegraph & Telephone Co., 106 Tex. 114, 157 S.W. 1163; Athens Telephone Co. v. City of Athens, Tex.Civ.App., 163 S.W. 371, wr. ref.; Athens Telephone Co. v. City of Athens, Tex.Civ.App., 182 S.W. 42, wr. ref.; Fink v. City of Clarendon, Tex.Civ.App., 282 S.W. 912; Texas Telephone Company v. City of Mart, Tex.Civ.App., 226 S.W. 497.

*"The cases cited next above clearly show that telephone companies in Texas fall into two classes, either local or long distance. A succinct definition clearly distinguishing a local telephone system from a long distance system under all circumstances might be difficult to formulate, but it is not called for here as Johnson continued to operate the identical local system that was purchased from Mrs. Dennis and planned only to improve and expand it. A change from local to long distance telephone business would require a change in the type of service performed by the local system. The fact that a part of the area in which it operates has changed from rural to urban made no change in the nature of the service rendered or the purpose of the business the appellant is engaged in. Art. 1416 has no application in this case.* (Emphasis added.)

"The appellant was and is operating its lines in the area later incorporated into the town of Leary. It had the permission of the State Highway Department to erect its lines along that part of the State Highway which later became a part of the municipality. Appellant argues that these facts give it a status which was unaffected by the incorporation of the area, and gave it the privilege of using the streets of the town without permission from its governing body. No authority is cited which will support this proposition. Use of the State highway right-of-way is at most a matter of permissive occupancy, and as between the appel-

lant and the town of Leary, the appellant acquired no rights superior to those exercisable by the town pursuant to Art. 1146. The first and second points of error are overruled."

▇ Appellant in the trial court also presented the witnesses Blanton, Maurer and Paxton, who were experienced in the telephone business as shown by their experience and qualifications as outlined in the record. Their testimony was extensive and will not be dealt with at length here. However as we understand their testimony, it was their view that there are now no longer any strictly local telephone exchanges in Texas, since such exchanges are connected with other exchanges whereby long distance telephone service can be and is given. And the thrust of appellant's argument is that the highly technical development of the telephone industry has eliminated the concept of a purely local telephone exchange and that if the strict interpretation of earlier court decisions is to be followed in the case at bar, that Hooks Telephone Company, connecting and serving two incorporated areas, is furnishing a long distance telephone service and is entitled to the privileges granted long distance telephone corporations by Art. 1416, V.A.C.S. In this connection there was testimony from Mr. Johnson to the effect that he had lines from the incorporated town of Hooks to the incorporated town of Leary and that it was one mile from the city limits of Leary to the city limits of Hooks.

It is also undisputed that appellant does not now have and has never had a franchise from the incorporated Town of Leary to conduct a telephone business in Leary.

Appellant also offered proof to the effect that it had a contract with another telephone company (S. W. Bell Tel. Co.) and had connections with this company so that a person in Leary or Hooks could talk by long distance to points throughout the United States and the world. Proof was also shown of the amounts received for long distance calls placed from Leary.

In 40 Tex.Jur., Telegraphs and Telephones, Sec. 35, p. 413–6, it is stated in part as follows:

"The statute that authorizes telegraph and telephone companies to make use of ' "any of the public roads, streets and waters of the State" ' does not in terms make any distinction between telephone companies with respect to the character of service rendered—whether local or long distance. But it seems that there is a very significant distinction, in so far as the regulatory rights of municipal corporations are concerned. In the case of telegraph companies and long distance telephone companies a city, town or village may make reasonable rules and regulations in respect of the location of the line, the kinds of poles that may be used and the height at which the wires may be strung; but it has no right whatsoever to deny to such corporations the use of its streets, at least in so far as out-of-town business is concerned; as to such business the right to use the streets is absolute.

"But the situation seems to be wholly different with respect to local telephone companies. Such corporations have no absolute right to use the streets, and can do so only with the consent of the municipal authorities. This consent is commonly manifested by the grant of a franchise which may fix the rates to be charged for telephone service and set forth the general conditions under which the company may transact its business.  *  *  *." (Emphasis added.)

It is our view that the fact that a local telephone corporation has a contract with a long distance telephone corporation whereby long distance telephone service is furnished through connections made with the facilities of the long distance telephone corporation would not make the local tele-

phone company itself a long distance telephone corporation.

It is also our further view that under the narrow facts in this case appellant telephone company is not a long distance telephone corporation and that Art. 1416, V.A.C.S., has no application in this case. The line (one mile in length) that appellant corporation has between the incorporated limits of Hooks and Leary was built when Leary was not an incorporated town, and when built it was merely an extension to the local Hooks telephone system and as held in our earlier opinion the fact that a part of the area in which the local Hooks telephone system operated had changed from rural to urban made no change in the nature of the service rendered or the purpose of the business that the appellant was engaged in.

While appellant very forcibly contends that under more modern views due to the highly technical development and improvements in the telephone industry that the concept of a purely local telephone company is outmoded and also that if the strict interpretation of earlier court decisions are to be followed in the case at bar, that Hooks Telephone Company by virtue of connecting and serving the two incorporated areas of Hooks and Leary is furnishing a long distance telephone service and is entitled to the privileges granted long distance telephone corporations under Art. 1416, V.A.C.S., it is our best judgment that the earlier opinion of this court forecloses appellant's contentions in this respect.

While there is no writ history on the earlier opinion of this court, we are of the view that it is correct and supported by the authorities cited therein and we feel constrained to follow the same.

It is our view that under the record in this case the judgment of the trial court should be affirmed with the following modification: The appellant telephone company will have 60 days after this judgment becomes final, which we consider to be a

reasonable time, to withdraw and remove all of the company's lines, poles, wires and other equipment and facilities from and off of the public roads, streets, highways, alleys and other public property within the incorporated limits of the town of Leary, Texas. In connection with this modification see Incorporated Town of Hempstead v. Gulf States Utilities Co., 146 Tex. 250, 206 S.W.2d 227.

Affirmed as modified.